CASE 29—PETITION EQUITY—OCTOBER 22.

# Commonwealth v. City of Frankfort, &c.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. GRANT BY CITY OF RIGHT OF WAY TO RAILROAD COMPANY.—A city has no power to grant to a railroad company the right to construct and operate a railway through its streets and alleys, unless it is expressly authorized to do so either by its own charter or by the charter of the railroad company.

   A provision in the charter of the Louisville & Nashville Railroad Company authorizing it to construct lateral or side tracks from its main track, to terminate on the bank of the Kentucky river, in the city of Frankfort, does not authorize the construction of a lateral or side track which does not commence at the main track or terminate at the river, and the city had no power to grant the right of way across its streets and through an alley for the construction of such a track, no such power being conferred by its charter.

2. SAME.—To the grant by a city of a right of way upon its public streets and alleys the law attaches the condition that the use by the grantee shall not "prevent, obstruct or unreasonably impede the passage of persons, wagons or other vehicles" through said streets and alleys. And where the grantee has the right to use a street or alley as often as he pleases, and every time he uses it such use totally obstructs for the time, however short, the ordinary public travel, the obstruction is an unreasonable one and the grant is unauthorized.

3. SAME.—Where the owners of a mill applied to the City Council for the right of way through a public alley for the purpose of constructing a railroad track to connect with a track of the Louisville & Nashville Railroad Company, and the city refused to grant the right because it did not have the power to grant it, a grant of the right of way to the railroad company, which was evidently for the sole benefit of the mill-owners, who constructed the track at their own expense, was but an evasion, and the owners of the mill will not be allowed to secure for themselves, in this indirect way, a privilege which no citizen would be allowed to secure for himself directly.

FRANK CHINN, L. C. NORMAN FOR APPELLANT.

1. While cities may, with legislative warrant, grant the use of their streets for railroads, such appropriations must not be incompatible with the ends for which the street was established. It must not deprive the persons living on the street of its reasonable use as a pass-way for foot-passengers, horsemen and the vehicles in ordinary and

Commonwealth v. City of Frankfort, &c.

general use. (L. & O. R. Co. v. Applegate, 8 Dana, 289; Trustees of Flemingsburg v. Wilson, 5 Bush, 204; Cosby v. O. & R. R. Co., 10 Bush, 291.)

2. Authority to construct and operate a railroad through a city or town and upon its streets must be conferred by express enactment or in such language that it can be necessarily implied. (Ruttle, &c., v. City of Covington, 10 Ky. Law Rep., 766.)

3. The lateral or side tracks which the act incorporating the Lexington & Frankfort Railroad Company authorizes to be built, are only such as may terminate on the bank of the Kentucky river. (Acts 1847-8, pp. 39, 40.)

IRA JULIAN, D. W. LINDSEY for appellees.

1. In the construction, maintenance and operation of a railway therein, there may be a joint occupancy of a street with other modes of travel, limited only to the extent that such appropriation must not *unreasonably circumscribe or permanently exclude* from the street others having an equal right to enjoy its use. (Lex. & Ohio R. Co. v. Applegate, 8 Dana, 302; Cosby v. O. & R. R. Co., 10 Bush, 291; Fulton v. Short Route Railway Transfer Co., 85 Ky., 653.)

The road proposed to be constructed under the ordinance in question here, could not, in view of the restrictions as to its use, unreasonably circumscribe or permanently exclude the appellant or anyone else from the use of either street or alley for any purpose for which they might lawfully be used.

2. The road now operated by the appellee, the Louisville & Nashville Railroad Company, through the city of Frankfort, was built by the Lexington & Frankfort Railroad Company and the Louisville & Frankfort Railroad Company, and by their charters (Sessions Acts 1847-8, pp. 39, 40) they were authorized to build and operate a common track through the town of Frankfort, and to construct such lateral or side tracks, from the track common to both, as they might choose.

3. Aside from any express power conferred by the charters of either of the companies to build and operate the road in question, the right exists as auxiliary or incident to the powers expressly given and the business they are expected and required to do. (Wood's Railway Law, vol. 1, p. 474, sec. 170.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

This is an action by the Commonwealth against the City of Frankfort, Ky., the Louisville & Nashville Railroad Company and Miles & Son, seeking to enjoin the construction and operation of a railroad track, commenc-

ing at the yard of the Louisville & Nashville railway, on High street, and running across that street and through the entire length of "Governor's alley," and across Ann street to Miles & Son's flouring mill, and for their sole and exclusive benefit in transporting flour, grain, etc., from said freight depot to said mill, and from the mill to the depot.

It is not claimed that the charter of the city of Frankfort gives said city the power to grant either of the appellees—the Louisville & Nashville Railroad Company or Miles & Son—the right to construct and operate said railway across said streets and in said alley. And it is well settled by this court that the city had no such power, unless it was expressly given by its charter, or unless the charter of the railroad company authorized the city to grant such right of way.

It is contended, however, that the 14th section of the Act of 1848, chartering the Lexington & Frankfort Railroad Company (of which the Louisville & Nashville Railroad Company is the successor), authorized the grant of said right of way. That section authorized said company to construct its railroad from Lexington to some one or more suitable points (to be determined by the company) on the Kentucky river, in or near Frankfort, and to St. Clair street, in said town, and to contract with the Louisville & Frankfort Railroad Company for a junction with that railroad at that point, and to "construct such lateral or side tracks from said track, common to both companies, to terminate on the bank of said river in said town, as they may choose." It will be seen that the proposed railway track is not such a lateral or side track as is contemplated by said charter, for it is not

even contended that it terminates at said river, or that it commences at said main track.

Now, as to the facts: There is no dispute about said alley being a public alley of the city of Frankfort, and that it is necessary to the use of the Governor's mansion —the property of the appellant. Also, that the alley is but sixteen feet wide and four hundred feet long; that the space required to run the cars to be used on said track is from nine to nine and a half feet wide; that the alley is used for the travel of vehicles drawn by horses, etc.; that wagons can not pass the cars in the alley; that it takes the cars from two to three minutes to pass through said alley; that it is thought that about four trips per day in the shipping season will suffice to do the shipping business of the mill; but the appellees, Miles & Son, have the right to make as many trips per day with the cars as they may choose.

It is also clearly shown that said alley is necessary to the use of the Governor's mansion for heavy hauling, etc. It is also clearly proven that said alley is frequently used by the public as a wagon-way to avoid the railroad street, etc. Now, if the city had the right to grant to the appellee, the Louisville & Nashville Railroad Company (which is not admitted), it granted such right of way upon the expressed condition that said construction was not to " prevent, obstruct, or unreasonably impede the passage of persons, wagons, or other vehicles through said alley." The foregoing condition is the condition that the law attaches to grants of rights of way upon the public streets and alleys of cities and towns.

Now, it is an undisputed fact that the alley is not wide enough to admit the passage of the appellee's cars and

the wagons of persons hauling through the alley at the same time; that the running of the cars through the alley stops the passage of wagons through it for the time being, and this will occur at least three or four times a day, and oftener, if the appellees chose.

It is true that the public, when the right of way is legally granted to railways through streets, etc., must submit to any inconvenience, not unreasonable, that may be caused in consequence of the reasonable use of the privilege granted. But the public are entitled to the reasonable use of the public streets and alleys for their ordinary travel; but where the grantee of the privilege is empowered to use the privilege when he pleases, and as often as he pleases, and every time he uses it such use totally obstructs, for the time being, though not long at a time, the ordinary public travel along the street or alley, the grant in such case is unauthorized. (See Lex. & Ohio R. Co. v. Applegate, 8 Dana, 289; Cosby v. Owensboro & Russellville R. Co., 10 Bush, 288; Ruttle v. City of Covington, 10 Ky. Law Rep., 766.)

It also appears from the evidence that the appellees, Miles & Son, first applied to the City Council for said right of way, and upon the refusal of the city to grant the right, because it did not possess the legal right to grant it, it was verbally suggested that the right might be obtained in the name of the appellee, the Louisville & Nashville Railroad Company; and thereupon the grant of the right was made to that appellee. But it is an undisputed fact that said right of way was obtained solely for the private benefit of the appellees, Miles & Son, and at their own expense, to enable them to do their mill transporting between their mill and the Louisville & Nashville

·depot by means of said track, instead of doing said trans-·porting by the ordinary way, which they had theretofore done.

We are constrained to say that this was an evasion in ·order to secure a private right for the appellees, Miles & Son, which they were not allowed to secure directly for themselves. By the same process every business man in the city of Frankfort could secure an exclusive street privilege from his business house to the Louisville & Nashville depot. Surely this should not be tolerated.

The judgment is reversed, and the case is remanded with directions for further proceedings consistent with this opinion.