CASE 82—INJUNCTION AGAINST UNLAWFUL USE OF STREETS
—MAY 24.

# East Tennessee Telephone Co., Etc. v. City of Russellville.

APPEAL FROM LOGAN CIRCUIT COURT.

1. MUNICIPAL CORPORATIONS—TELEPHONE FRANCHISE.—Prior to the adoption of the present Constitution the city of Russellville had no legislative power to grant the right to use the streets for the erection of telephone poles and the stringing of wires.

2. SAME—EFFECT OF CONSTITUTION.—Section 163 of the Constitution does not confer a right on a telephone company to use the streets of a municipality for that purpose without municipal consent unless (1) the right existed by charter antecedently and (2) that work had been begun thereunder in good faith. Neither condition existed in this case.

SELDEN Y. TRIMBLE FOR THE APPELLANT.    (S. R. CREWDSON AND WILBUR F. BROWDER OF COUNSEL.)

1. The special demurrer to the petition should have been sustained. There is no such corporation as "City of Russellville." The corporate name is "Mayor and Councilmen of Russellville." Act of the Gen. Assm., approved May 1, 1880; Act of Sept. 30, 1892; Ky. Stats., secs. 2741, 1180, 3615.

2. The court erred in sustaining a demurrer to the answer; (a) the first paragraph was a traverse of the material allegations of the petition, (b) the affirmative defense relied on in the second paragraph of the answer was not a waiver of the traverse contained in the first.

3. The appellant having obtained consent of the proper legislative Board of Russellville, a proper construction of section 163 of the Constitution would be that appellants were thereby permitted to erect its poles over the streets of Russellville at the time they did so. Section 3650 of the Kentucky Statutes operated to validate the ordinance granting the appellant's franchise.

4. The city of Russellville had an inherent right to permit and regulate the use of its streets for telephone purposes and an injunction ought not to have been granted to destroy a work of

East Tennessee Telephone Co., &c., v. City of Russellville.

so much public policy. Lexington & O. Ry. v. Applegate, &c., 8 Dana, 298.

JAMES H. BOWDEN ON THE SAME SIDE. (BROWDER & BROWDER AND S. R. CREWDSON OF COUNSEL.)

1. Telephone lines were intended to be included in section 199 of the Constitution and this section constitutes a legislative grant to such companies to use the streets of cities.

2. Under section 156 when a company reached the city limits in the construction of its line, if the city refused to designate where and under what terms the lines should be built, either the company might make its own selection or by mandamus compel the city to act.

3. Section 164 has no application to the facts of this case; it is limited to a case where the city itself creates the franchises.

4. Nor is section 191 applicable; it was aimed at speculative charters. These constitutional provisions relate to such grants of special or exclusive privileges as are not only exclusive in terms or fact but are also substantially so in character—being sources of corporate power and having no application to a case where a substantial grant is made by general law and where the city can do no more than regulate the exercise of the power granted.

S. R. CREWDSON ON THE SAME SIDE.

1. Section 191 of the present Constitution did not operate to repeal the franchise previously granted to Clark by ordinance passed November 18, 1890.

2. The right of telephone companies to erect poles and string wires within the State is a general one, subject only to the restriction that a municipality may prescribe the place where and the regulations under which the same may be done.

3. The city should be estopped from instituting proceeding to remove the poles and wires of the appellant on account of great public inconvenience that would thereby result.

W. P. SANDIDGE FOR THE APPELLEE.

1. The municipal council of the city of Russellville before the adoption of the present Constitution had no authority or power to grant to any person or corporation a right to use the streets and alleys for any purpose other than that for which they were dedicated. 13 Ky. Law Rep., 705; 92 Ky., 149; 10 Ky. Law Rep., 766; 4 Ky. Law Rep., 727; 1 Bush, 204.

2. The right to use the streets for telephone purposes is an additional servitude and can not exist without municipal sanction. City of Newport v. Newport Light Co., 84 Ky., 166; 13

Ky. Law Rep., 705; 10 Ky. Law Rep., 766; 11 Ky. Law Rep., 841; 8 Dana, 289.

3. The city's attempt to grant authority was void.

4. A street could not before the adoption of the present Constitution be subject to any additional servitude without authority from the General Assembly, and the erection of a line of telephone poles is an imposition of a new and additional servitude. 47 Am. Rep., 453; 42 N. J., Eq., 141; 49 N. J. L., 344; 86 Va., 696; 19 Am. St. Rep., 908; 24 Am. St. Rep., 290; 50 N. Y. Supp., 488; 49 Fed. Rep., 113.

H. S. McCUTCHEN ON THE SAME SIDE.    (E. G. VICK, JOHN S. RHEA AND CRADDOCK & SANDIDGE OF COUNSEL.)

On the validity of the alleged franchises. Ky. Stats., ch. 89, art. 6; Constitution, secs. 163, 164, 191, 199; Ky. Stats., sec. 3636.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

Previous to the adoption of the present Constitution, the council of a municipal corporation, without legislative authority, could not grant to any person or corporation the right to use the streets and alleys of a city or town for any purpose other than for which they were dedicated. The streets and alleys of a city or town are intended for public travel, and, when an additional servitude is placed upon them, it is in derogation of common right. Ruttles v. City of Covington (10 Ky. Law Rep., 766), [10 S. W., 644]; Com. v. City of Frankfort, 92 Ky., 149. [17 S. W., 287].

In City of Newport v. Newport Light Co., 84 Ky., 166, the court, in considering the question of the right of a gas company to use the streets to enable it to lay down its pipes, said: "It may be regarded, however, as well settled that the right to use the streets of a city by a gas company to enable it to lay down its pipes is a franchise that can be granted only by the Legislature, or some local or municipal authority authorized to confer it." (Dillon on Municipal Corporations, second column, section 691.)

"However it may be as respects the power of the Legisla-

ture to make the grant exclusive, no such power, it is clear, can be exercised by a municipal council, unless it be plainly conferred by express words, or by necessary or at least reasonable implication." (Id., sec. 695.)

Section 163 of the Constitution, to which we will hereafter refer, recognizes that to occupy the streets and alleys of a city or town with telephone poles and wires is an additional servitude, by refusing telephone companies the right to enter upon the streets and alleys of a city or town without the consent of the proper legislative bodies or boards of such city or town being first obtained. It is the imposition of a new and additional servitude on streets and alleys of a city or town to erect telephone poles and string wires thereon. Board of Trade Telegraph Co. v. Barnett, 47 Am. Rep., 453; Broome v. New York & New Jersey Telephone Co., 42 N. J. Eq., 141 [7 Atl., 851]; Western Union Telegraph Co. v. Williams, 86 Va., 696 [19 Am. St. R., 908; 11 S. E., 106]; Stowers v. Postal Telegraph Cable Co., 24 Am. St. R., 290 [9 South., 356]; Pacific Postal Telegraph Cable Co. v. Irvine, &c., 49 Fed. Rep., 113.

On November 18, 1890, the Board of Councilmen of the city of Russellville granted to J. W. Clark, "for ten years, exclusive franchise for the purpose of erecting a system of telephone lines in that city." At that time the councilmen of that city had no legislative authority, express or implied, which authorized them to grant such a privilege to him. He enjoyed no charter privilege which conferred upon him the right to occupy the streets and alleys of that city for the purposes stated. The date of the grant of the privilege shows that it was before the adoption of the present Constitution.

Previous to February 8, 1893, a motion was entered before the Board of Councilmen to the effect that Clark be

East Tennessee Telephone Co., &c., v. City of Russellville.

given sixty days in which to commence operations on his telephone system; and, after considering the motion, they, on February 8, 1893, rejected the proposition, for the reason, as given by them, that upon investigation they found that under the present Constitution he did not enjoy the right to erect a telephone line in the city.     Afterwards Clark proceeded to erect his telephone line, placed poles on the streets and alleys of the city, strung wires upon them, and seems to have been operating it when, in 1896, the East Tennessee Telephone Company purchased the telephone line from him, claiming that it had been granted the privilege by the board of councilmen in 1884 to erect a telephone line over the streets and alleys of the city.     The right to have erected this telephone line, and to maintain the same, is claimed to exist by virtue of the action of the board of councilmen in granting the privilege to Clark in 1890; and, further, as the telephone company had been granted the privilege in 1884 to erect a telephone line in the city, it had the right to acquire his interest in the telephone line, and therefore the city has no right to compel the removal of the present poles from the streets and alleys of the city, or to prevent it from planting additional ones.     It may be added here that the board of councilmen of the city had no legislative authority to grant the privilege to the telephone company to erect a telephone line in the city.     Section 163 of the constitution reads as follows: "No street railway, gas, water, steam heating, telephone, or electric light company, within a city or town, shall be permitted or authorized to construct its tracks, lay its pipes or mains, or erect its poles, posts or other apparatus along, over, under or across the streets, alleys or public grounds of a city or town, without the consent of the proper legislative bodies or boards of such city

or town being first obtained; but when charters have been heretofore granted conferring such rights, and work has in good faith been begun thereunder, the provisions of this section shall not apply." It will be seen from this section of the constitution that no authority is vested anywhere to authorize any telephone company to construct its line on or across the streets and alleys or the public grounds of a city or town, except with the consent of the proper legislative bodies or boards of such city or town. No such authority was obtained by Clark or the telephone company, and it necessarily follows that they had no right to enter upon the streets and alleys of the city for the purposes stated. To hold otherwise would be to utterly ignore and disregard the organic law of the State. When a telephone company takes possession of the streets and alleys of a city or town without the consent of the legislative bodies or boards of the city or town, it has no more right to occupy the streets and alleys than any wrong-doer has who takes possession of the land of another without his consent. The last paragraph of section 163 is to the effect that when charters had been theretofore granted conferring such rights, and work had in good faith been begun thereunder, the section does not apply.

There is no pretense in this case that Clark had any charter which authorized him to build a telephone line over the streets and alleys of the city of Russellville; neither is it pretended that the charter of the telephone company conferred any such right. So neither of them had charters which conferred such rights. Nor had they commenced work, in good faith or otherwise, for the purposes of erecting the telephone line, when the present Constitution was adopted. As the action of the Board of Councilmen previous to the adoption of the present Constitution was invalid, no

rights accrued to Clark or the telephone company thereunder. They had no rights to be recognized by the provisions of the Constitution. It was not the purpose of the Constitution to render valid a resolution of a Board of Councilmen, which, under the law at the time of its adoption was invalid. The fact that the provisions of the Constitution only relate to rights which accrued by virtue of charters, and that these charters were not to operate to give consent to the use of streets and alleys of a city or town, except work had commenced in good faith, shows that no effect was intended to be given to any unauthorized action of city authorities which had been taken before the adoption of the Constitution.

It is suggested that section 3650, Kentucky Statutes, which reads as follows, "All laws, ordinances, by-laws and resolutions now in force in said cities, and not inconsistent with this chapter, shall remain in full force until altered or repealed by ordinance," validates the ordinance granting the appellant's franchise. By the express terms of this section, it only keeps in force ordinances, by-laws, and resolutions which were in force at the time the act for the government of cities of the fifth class became a law. The franchise which the common council attempted to give Clark and the telephone company was not even in force at the time of the adoption of the Constitution; and, had the franchise been granted by a charter then, it would have been invalid, unless work in good faith had been begun under it before the adoption of the Constitution.

The judgment is affirmed.