JUDGE LINDSAY
delivered the opinion oe the court.
The right of the authorities of a city, with legislative warrant, to permit the construction and operation through its streets of railroads upon which trains of cars are propelled by steam is not now an open question in this state. (Lex. & Ohio R. R. Co. v. Applegate, 8 Dana, 289; Wolfe v. Cov. & Lex. R. R. Co., 15 B. Mon. 409; Lou. & Frank. R. R. Co. v. Brown, 17 B. Mon. 763; Newport & Cincinnati Bridge Co. v. Foote, &c., 9 Bush, 264.)
It results therefore that the construction and operation of a railroad through the streets of a city or town is not per se an encroachment upon the property rights of persons owning lots fronting on the streets so occupied and used. If it was, it is plain that neither the municipal authorities nor the legislature, nor both, could confer upon a railroad corporation any such right. . It would be the taking of private property for public use without compensation, and therefore the grant would be violative of the constitution.
Those who purchase lots bordering on a street take their title subject to the appropriation of the street to such public uses, promotive of commerce and business, as the general good of the city or town may require. This public right is limited only to the extent that the appropriation must not be incompatible with the ends for which the street was established. It must not deprive the persons living on the street of its reasonable use as a passway for foot-passengers, horsemen, *292 and the vehicles in ordinary and general use. The right to such a use in the street is an incoporeal hereditament, legally attached to the ground contiguous thereto — an incident to the title assured by law — a right of which the owners of such contiguous property can not be deprived without compensation. (Lex. & Ohio R. R. Co. v. Applegate.)
In this case Ave do not decide whether the Common Council of the city of Owensboro had or not the necessary legislative authority to graut to the Oivensboro & Russellville Railroad Company the right to lay doAvn its track and operate its road through LeAvis Street, nor do Ave decide whether the railroad company had or not legislative authority to extend its road north of the southern boundary of the city of Owensboro. It is not necessary that we shall determine either of these questions; and as the city is not a party to this action, we expressly waive an expression of opinion upon either question. The city may or may not be bound by the grant of the right of way to the railroad company, and its rights are in no wise to be affected by this decision.
If it be conceded that the railroad company occupies and uses LeAvis Street without right, and that such use and occupation is a public nuisance, still the appellants can not have relief at the hands of the chancellor unless they are directly affected by it.
Private individuals seeking relief against a public nuisance must show that they suffer an injury distinct from that suffered by the general public, and that said injury is one that the public, in the promotion of the general interest, has not the right to inflict upon them without compensation.
As the government has the right to authorize the construction and operation of a railroad through the streets of 4a city, the inquiry in this case is as to the character of the injuries or inconveniences of which appellants complain.
1. They allege that the passage of persons, animals, and *293 vehicles across Lewis Street is prevented by the embankment thrown up by the railroad company. The evidence shows that the grade adopted for the railway is the proper grade for the street, and that the same must necessarily be adopted when the street shall be permanently improved by the city. Such being the case, the inconvenience now suffered on account of the embankment will be remedied when the street is improved. But aside from this fact, an embankment of like character was the subject of consideration by this court in the case of the L. & F. R. R. Co. v. Brown, and there the lot-owner was denied relief.
2. It is complained that the greater portion of the street is occupied by the embankment, and that vehicles can not without great inconvenience be passed over it longitudinally. The passway on either side of the embankment and between it and the sidewalks is from six to thirteen feet wide. In most places vehicles meeting can pass without serious difficulty. Notwithstanding the railway and the embankment, horsemen and persons using carriages, wagons, drays, etc., still have and enjoy the reasonable use of the street.
3. It is further complained that the railroad company has failed to construct and keep in repair crossings at the intersections of the streets crossing Lewis Street at right angles. There are two crossings within the five squares through which the railroad extends. If more crossings are necessary for the use of the public, or if these two are not kept in repair, the city authorities have ample power to remedy the evil. It may well be questioned whether for any such grievance as this the chancellor can afford relief upon the petition of private individuals. It is certain that' he will not interfere by Avrit of injunction, unless the parties aggrieved show to him that the municipal authorities refuse to act in the matter. It is not pretended that there has been such a refusal in this case/ nor even that the attention of the city authorities has been *294 called to the limited number or the condition of the crossings.
4. Appellants say that the value of their property has been greatly depreciated by the construction and operation of the railroad. This question was considered in the cases of Brown and Applegate, and in neither case was it deemed a sufficient ground for relief.
5. Appellants prove, although they do not aver, that the noise and smoke of the locomotives disturb the quiet and repose of the neighborhood. It is not shown that the volume of smoke escaping from the chimneys or smokestacks of passing locomotives comes in immediate contact with any buildings owned by appellants. The character of the annoyance proved to arise from the noise and smoke of the locomotives is such as necessarily attends the operation of railways. It can not be wholly remedied. It must be endured by the public or railroads must be abandoned.
Appellants claim that as owners of lots fronting on Lewis Street they own the fee in the land, the public having merely the use, and that the construction and operation of the railroad is in effect the appropriation without, their consent of then-private property.
The public having the use, was entitled to the possession. The entry by the railroad company was an entry upon the possession of the public. The right of action, if there be one, is in the municipal authorities representing the local public immediately interested in Lewis Street. If the'public shall at any time abandon the use to which the land constituting the street was dedicated, then the right of possession will revert to the lot-owners; and then they may complain that the railroad company is encroaching upon-their private rights. But so long as they are not entitled to the possession, and so long as none of their property rights are directly and immediately injured by the acts of the railroad company, they can have no *295 relief, except through the action of the municipal government charged by law with the duty of preserving and keeping open and in repair the streets- of Owensboro.
Upon the whole case we are of opinion that the appellants failed to make out a ease authorizing the interposition of the chancellor.
The judgment dismissing their petition is therefore affirmed.
Judge Coker did not sit in this case.