LOUISVILLE, HARRODS CREEK & WESTPORT R. CO. v. JOHN
P. YOUNG, ET AL.

**Railroad Company Franchise—Right of Property Owner to Recover Damages.**

Where the franchise of a railroad company gives it the right to operate its cars on a street on tram rails to be laid in the center of the street, and to run freight cars over the same only at night, but it lays its track in the side of such street, using T rails instead of tram rails, and runs its freight cars both in the day time and night time, it is liable to a property holder who is effected injuriously and damaged in a way not sustained by the general public.

APPEAL FROM LOUISVILLE CHANCERY COURT.

April 9, 1877.

OPINION BY JUDGE COFER:

The appellant had legal authority to locate and operate its road along the center line of the street, but was required to use the tram rail and to run freight trains over the track only at night. Instead of laying its track in the center of the street, it laid it on the north verge of the fill, and so near to private property as seriously to interfere with its use by the owners; it used the T rail instead of the tram, and ran freight trains along the street in the daytime. So far as these deviations from the privileges granted affect the general public the public alone can complain, and must proceed on the facts in this case, if at all, by a public prosecution. But so far as individuals sustain a peculiar injury not sustained by the general public, they may maintain a civil action for redress or prevention.

The appellees alleged that they were the owners of certain lots on the north side of the street, which they were then and had for a great while been used as mill sites and lumber yards, and that they were still so using them. These allegations were not denied. It was also alleged that the appellees were seriously encumbered and impeded in the use of their adjacent property by the location of the track and running trains thereon, and that allegation is well sustained by the evidence. There is not room between the track and the verge of the embankment for vehicles to pass, and the track is at places within a few feet of the line of appellees' lots, thus presenting a case in which, under the rule announced in *Elizabethtown, Lexington & Big Sandy R. Co. v. Combs,* 10 Bush 382, they would be entitled to recover damages for the injury. The track having been thus located and trains operated thereon in violation of law,

and of the rights of the appellees, and the injury being continuous in its nature, they had a right to relief in equity. This case is unlike that of *Cosby v. Owensboro & Russellville R. Co.,* 10 Bush 288. There ample room was left between the track and Cosby's property for passing with ordinary vehicles; the track was in the center of the street where the city had authorized it to be placed, and was on the grade as established by the city. In this case the track is not where the city authorized it to be located; no room for passing is left between it and the adjacent property; and the description of rail required has not been used.

We entertain no doubt but the appellees might have recovered at law, and as each succeeding day gave them a new cause of action, the case falls within that class where equity will interfere to prevent a multiplicity of suits.

Wherefore the judgment is *affirmed.*

*Barnett & Noble, for appellant.*

*Barr, Goodloe & Humphrey, for appellees.*