CASE 26—PETITION ORDINARY—JUNE 18.

# Willis v. K. & I. Bridge Co., et. al.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

NUISANCE—DAMAGES INFLICTED BY THE OPERATION OF RAILROAD TRAINS.—A property owner may maintain an action for damages against a railroad company for any loss or deterioration in the value of his realty caused by the operation of railroad trains, by jarring his walls, blowing smoke and cinders upon his premises, whether the railroad is laid on adjoining land acquired by purchase or condemnation, or in a public street by municipal license.

J. L. CLEMONS FOR APPELLANT.

1. It was error to overrule a demurrer to the petition and then instruct the jury peremptorily to find for the defendants after the plaintiff had proved the substantive averments of the petition.

2. Plaintiff had a right to recover against defendants for damages caused by the prudent operation of their trains. Exodus, chap. 6, verse 22; Lou. So. R. R. v. Cogar, 15 Ky. Law Rep., 444; Kentucky Constitution; Henderson Belt R. R. Co. v. Dechamp, 95 Ky., 225; Elizabethtown, &c., v. Combs, 10 Bush, 382; Kemper, &c., v. City of Louisville, 14 Bush, 91-2-3; L. & N. R. R. Co. v. Finley, 86 Ky., 294; Strickler v. C. & O. R. R. Co., 93 Ky., 323.

CHAS. H. GIBSON, E. P. HUMPHREY AND YOUNG, TRABUE & YOUNG FOR APPELLEES.

Plaintiff was not entitled to recover because (1) he was not an abutting property owner; (2) his right of ingress and egress was not disturbed, and (3) no negligence was alleged, and (4) his loss was *dammum absque injuria*. Am. & Eng. Enc. of Law, vol. 1, p. 49; L. & N. R. R. Co. v. Orr, 91 Ky., 109; Baltimore & Potomac R. Co. v. Fifth Baptist Church, 108 U. S., 317.

GIBSON, MARSHALL & GIBSON AND BENNETT H. YOUNG IN A
PETITION FOR A REHEARING, MADE THE FOLLOWING ADDITIONAL
CITATIONS:

Esterle v. J., M. & I. R. R. Co., 13 Bush, 667; Louisville Coffin
Co. v. Warren, 78 Ky., 400; Henderson, &c., R. R. Co. v. Dechamp,
95 Ky., 219; Elliott on Railroads, secs. 1086, 718; White v. Chi-
cago, &c., Ry. Co., 122 Ind., 317.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The appellant, Willis, does not seek to recover damages
to property which abuts on a street along which the tracks
of the appellees are constructed; but his house, which he
claims is damaged, is situated on a lot fronting on Mont-
gomery street, in Parkland, across which the railroad track
diagonally passes at a point about 75 feet from the house,
and continues a southeast course until it passes the house
at a point about 150 feet from it. The several tracks of
the appellees are so constructed that the track we have
described and other tracks form substantially what is
known as a Y among railroad men, one angle of which is
in front, and another east, of Willis' house. As well as for
other purposes, these tracks are used for putting cars into
trains and switching. The grade is such at one place that
it takes two engines to carry heavy freight trains up it.
The evidence conduces to prove that at least one
hundred locomotive engines pass daily over the tracks
by Willis' house; that the freight trains sometimes
are necessarily forced to remain on the tracks twenty
or thirty minutes; that the trains are moving on
the tracks during the night and day; that great noises
are made by the engines; that smoke and cinders are
forced into the house; that the vibration from the opera-
tion of the trains caused plastering on the walls of the

house to fall, in consequence of which the property is no longer comfortable as a place of residence, and its value has been diminished about one thousand dollars. It is not claimed that the means of ingress and egress have been abridged, nor that the damages result from the negligent operation of the trains upon the tracks, but, on the contrary, it is alleged that the damage results from their prudent operation.

So far as we are aware, the cases which have reached this court involving the question of the liability of railroads for constructing their tracks so as to impair ingress and egress, and for throwing smoke, soot, and cinders, to the damage of property, were brought by abutting owners. In some of these cases the court discussed the character of interest which the abutting owner had in the street which had been dedicated to public uses. Possibly, the court thought it necessary to do this with a view of determining the right of the suitor to recover the damage resulting from the abridgement of his ingress and egress. Although the abutting owner or his vendee may never have owned the land dedicated to the public as a street, still his right to the use of it is the same as that of any other inhabitant of the city, or the abutting owner who lives on the opposite side of the street, from whom the city may have procured the land constituting the street between their property. Any abutting owner so situated, who has his means of ingress and egress impaired, has a cause of action which is as good as if he originally owned the land used as a street, and dedicated it to the city for the purpose of a street. It was said in J., M. & I. R. R. Co. v. Esterle, 13 Bush, 674, that "the owners of the fee are as completely subordinated to the superior rights of the municipality to control, manage, and

possess its streets as the public in general.   The owner of
a lot fronting on a particular street has a peculiar interest
in that street.   His title carries with it, as an essential in-
cident, certain valuable and indispensable services and
casements in and over that street, which are as inviolable
as his property in the lot itself.   Railroad Co. v. Applegate,
8 Dana, 289; Railroad Co. v. Brown, 17 B. Mon., 772; Bridge
Co. v. Foote, 9 Bush, 264; Cosby v. Railroad Co., 10 Bush,
288; Railroad Co. v. Combs, Id. 382.   But this peculiar right
does not depend upon or spring out of the ownership of the
fee.   It exists as well when the fee is in the public as when
it is in the lot owner, and its existence is in no sense incon-
sistent with the exclusive actual possession of the street by
the public."   The right of an abutting owner to recover
damages of a railroad for throwing soot, cinders, etc., upon
his property, does not arise from his interest in the street.
This damage does not result because the railroad track is
located upon a *street*, except in so far as the running of
trains on it is in such proximity to the property as to pro-
duce the injury.   If it had been located on a lot adjoining
that of Willis, which had been purchased from some one
other than him, and the effect of the operation of the road
had been the same as described in this case, a cause of
action would have existed.   When a railroad is constructed
through a city by legislative authority, and it occupies
the streets by municipal license, it is in the lawful exercise
of a right.   When it enters a city by legislative authority,
and, by contract or condemnation, acquires the right to,
and does, locate its road on private property, it is in the
lawful exercise of a right.   In either case, if, in the opera-
tion of the road, soot, cinders, etc., are thrown upon the
property which abuts on the street, or upon property which

abuts upon the private property acquired as indicated, and the owner is thus injured, he may maintain his action.

This court has adjudged that for injury to the property of abutting owners, by the falling of soot and cinders upon it, or from smoke entering the house, or from vibration of running trains, an action can be maintained. Whenever a railroad company has been granted authority to use a street, it is accompanied with an implied qualification that its use shall not unreasonably interfere with and disturb the peaceful and comfortable enjoyment of others in their property. Such a grant does not license the railroad company to use the street in disregard of the private rights of others, and with immunity for their invasion. Legislative authority to so use a street does not deprive a citizen of the right to maintain an action for damages for any special inconvenience and discomfort not experienced by the public at large. As to a railroad over a public street in a city, it is said in Baltimore & P. R. Co. v. Fifth Baptist Church, 108 U. S., 331 [2 Sup. Ct., 728]: "If, when used with reasonable care, it produces only that incidental inconvenience which unavoidably follows the additional occupation of the streets by its cars, with the noises and disturbances necessarily attending their use, no one can complain that he is incommoded. Whatever consequential annoyance may necessarily follow from the running of cars on the road with reasonable care is *damnum absque injuria*. The private inconvenience in such case must be suffered for the public accommodation." We think the language quoted states correctly the character of injury for which no action can be maintained. The judgment is reversed for proceedings consistent with this opinion.