CASE 74—ACTION FOR DAMAGES—FEBRUARY 7.

| 105 | 609 |
| f129 | 128 |
| f129 | 130 |

# The Covington & Cincinnati Elevated R. R., Transfer & Bridge Co. v. Kleymeier, Etc. Louisville & Nashville R. R. Co. v. Same. Chesapeake & Ohio R. R. Co. v. Same.

### APPEAL FROM KENTON CIRCUIT COURT.

1. RES ADJUDICATA.—A judgment for damages against a railroad company for injury to realty by the operation of its railroad by engines, cars, tenders, &c., resulting from smoke, cinders, fire, jar, noises, &c., is a bar to a subsequent action against the same defendant and its licensees for damages for obstructing an alley leading to plaintiff's premises.

2. SAME.—Defendant, in such an action, was entitled to an instruction to the effect that plaintiff could not recover damages resulting from the prudent operation of defendants' roads.

3. SAME—ESTOPPEL.—In the absence of a plea of estoppel this court can not determine whether the present appellants, in the former litigation did anything to estop them now from pleading the effect of the former judgment.

4. ACTION FOR DAMAGES TO REALTY—INSTRUCTIONS.—In an action for damages to realty from the operation of a railroad the jury should be instructed that plaintiff could only recover such damages as resulted from the natural fall of soot and cinders and not such as resulted from same being driven upon the premises by the wind; and no element of personal inconvenience should be singled out, the gravamen of the action being the damage to the realty.

SIMRALL & GALVIN AND J. W. BRYAN FOR THE APPELLANTS.

1 The court erred in giving and refusing instructions. Henderson Belt R. R. Co. v. Dechamp, 95 Ky., 219; Cosby v. O. & R. R. R. Co., 10 Bush, 288; J. M. & I. R. R. Co. v. Esterle, 13 Bush, 667; E. L. & B. S. R. R. Co. v. Combs, 10 Bush, 382; L. & N. R. R.

[ 39 ]

Co. v. Orr, 91 Ky., 109; Central Passenger Ry. Co. v. Kuhn, 86 Ky., 578.

2. The defendant's plea in bar was good. R. R. Co. v. Combs, 10 Bush, 282; J. M. & I. Ry. Co. v. Esterle, *supra;* L. & N. R. R. Co. v. Orr, *supra.*

W. M. FENLEY, FOR THE APPELLEE, THEO. KLEYMEIER.

1. The causes of action stated in the former petition of plaintiff were inconsistent and a judgment upon one was no bar to the cause of action asserted in the other.

2. The judgment is not a bar to this action, because it does not appear to have been a decision upon the merits. Pepper v. Donnelly, 87 Ky., 262; Portland & Greenwood T. P. Co. v. Bobb, 88 Ky., 229; Cosby v. Owensboro & Russellville R. R. Co., 10 Bush, 282.

2. On the Instructions. Henderson Belt Line R. R. Co. v. De-champ, 95 Ky., 219; L. & N. R. R. Co. v. Orr, 91 Ky., 109.

4. On Severing the Damages. Central Passenger Ry. Co. v. Kuhn, 86 Ky., 578.

SAME COUNSEL FOR THE APPELLEE IN A' PETITION FOR A REHEARING.

Additional citations: 2 Am. & Eng. Ency. of Law, 231; Ky. Stats., sec. 1016; 5 Am. & Eng. Ency. of Law, 691; Alderman, *et al.* v. U. S., 1 Otto, 584; Practice Act, sec. 23.

JUDGE HOBSON DELIVERED THE OPINION OF THE COURT.

These three appeals are prosecuted from a judgment for $2,000 in favor of appellee for injury to his property by appellants. The suit was filed October 16, 1893. It is alleged, in substance, in the petition, that the appellant the Covington & Cincinnati Elevated Railroad, Transfer & Bridge Company owns an elevated railroad operated by it and the other two appellants as an approach to a bridge across the Ohio river between Covington and Cincinnati, that this railroad runs back of appellee's property, and that by reason of the jarring of the earth, the noise, and soot and cinders thrown upon his property, it has been damaged in the sum of $6,000. The proof shows that the

house is forty-five feet from the alley, and that the railroad crosses the alley twenty-five feet from the back of appellee's lot. It also appears from the record that of July 29, 1891, the appellee also filed suit in the court below against the appellants in which he made, in effect, the same allegations as in this case; that he was required by the court to paragraph his petition, and that he then put it in two paragraphs, seeking damages in the first paragraph only for the construction of the railroad bridge across the public alley, and in the second for the operation of it as a railroad by engines, cars, tenders, etc., resulting from smoke, cinders, fire, jar, noises, etc.; that on motion of defendants he was compelled to elect which paragraph he would prosecute, and, he having elected to prosecute the first paragraph, the second was dismissed; that after this the action was tried out as to the bridge company, and a recovery made against it of $300, the case having been dismissed as to the other defendants. This judgment is now relied on in bar of any recovery herein of damages growing out of the prudent operation of the railroad. It is insisted for appellee that the judgment can not have this effect, at least as to the Chesapeake & Ohio Railroad Company and the Louisville & Nashville Railroad Company, because the action was dismissed as to them, and not tried on the merits; but as they only ran their cars over the bridge by authority of the bridge company, and by virtue of its right, if it is not responsible, from the fact that it has acquired the right to use and enjoy its railroad, then its licensees should not be responsible either; for, if it were otherwise, the value of its franchise might be, in a great measure, destroyed. So the question is presented,

what is the effect of this judgment on the rights of the bridge company?

The rule is elementary that a party can not split a cause of action and sue upon part at one time, and the remainder at another. It is also well settled in this State that the injury from the construction of a railroad is permanent and enduring, and that a single recovery must be had for all the damages alleged to result from it if properly operated; that, in effect, the plaintiff consents for the defendant to continue for all time to use the property for the purposes intended, and to accept the judgment in satisfaction thereof. E., L. & B. S. R. R. Co. v. Combs, 10 Bush, 293; J., M. & I. R. R. Co. v. Esterle, 13 Bush, 667; L. & N. R. R. Co. v. Orr, 91 Ky., 109 [15 S. W., 8].

Under the rule as settled in these cases, we are constrained to hold that the appellee recovered in the former action for a part of the injury resulting to him from the construction of this railroad, that the whole of this injury constituted one entire cause of action, and that a recovery for a part, so far as appears from this record, barred an action for the remainder. The closing of the alley or its obstruction, was a part of the injury plaintiff sustained from the building of the railroad. The damages to the incorporeal right of way and the direct damages to the property from the construction of the railroad at that point all grew out of the same act or transaction, and could not be separated by the plaintiffs so as to be the subject-matter of different suits.

The appellants moved the court to instruct the jury that they had the legal right to run and operate their railroad in a careful and prudent manner, and that there could be no recovery for any injury to plaintiff's property

by reason of the prudent and careful operation of the trains. For the reasons indicated, this instruction, as the record stands, should have been given. If appellee had not desired to try his case under the ruling of the court made in the former action, so far as now appears, he should have refused to prosecute it after the court made that ruling, or have taken an appeal from the judgment rendered therein. He could not, on the facts pleaded, accept the fruits of that judgment obtained by his own exertions without subjecting himself to the rule forbidding two recoveries for parts of the same wrong. Spaulding v. Arlington, 126 Mass., 492; Winslow v. Stokes, 67 Am. Dec., 242.

The record of the case referred to is not before us. We have only the pleadings to guide us in determining the effect of the judgment. There is no plea of estoppel, and, if appellant's position as shown by the record in that case was inconsistent with its position in this action, it should be pleaded, to avoid the effect of that judgment.

The court instructed the jury that if the appellants ran their locomotives and trains over the bridge so that the noise therefrom kept the occupants thereof from sleep at night, or so that sparks, smoke, and cinders were emitted from the engine and fell upon the house and yard or into the house, they should find for the plaintiff the reasonable damages he sustained thereby to the permanent and enduring value of the premises. There was proof that when the wind was from the direction of the bridge the smoke and cinders were much worse than at other times, and that the bridge was about seventy feet from appellee's house.

In Henderson Belt Line R. R. Co. v. Dechamp, 95 Ky., 224 [24 S. W., 606], this court said: "Such damages as were

the direct and proximate result . . . of the falling soot and cinders upon the property are recoverable, upon well-recognized principles, and do not depend upon contract. . . . If the smoke or cinders would not fall on the property except by the force of the wind, the jury were told that such damage was necessarily unavoidable in the operation of railroads, and for which the law allows no recovery."

The court should have qualified this instruction so as to exempt from its operation smoke or cinders that would not fall on the property except for the force of the wind; and he should not have singled out the noise keeping the occupants from sleep at night, for this may have misled the jury, and drawn away their attention from the single inquiry in the case, which was the diminution in value of the plaintiff's property by reason of the wrong complained of; and the personal inconvenience of his family, or his own loss of business, could not be recovered for.

The judgment is therefore reversed, and the cause remanded for further proceedings consistent with this opinion.