CASE 12.—ACTION BY MRS. A. O. ELLIOTT, AGAINST THE ILLINOIS CENTRAL RAILWAY COMPANY, FOR DAMAGES TO HER PROPERTY BY THE CONSTRUCTION AND OPERATION OF ITS RAILROAD. —May 21.

## Ill. Cent. Ry. Co. v. Elliot

Appeal from Ballard Circuit Court.

R. J. Bugg, Circuit Judge.

Judgment for plaintiff. Defendant appeals.—Reversed.

1. Eminent Domain—Injury to Property Not Taken—Noise from Trains.—One whose property does not adjoin a right of way, cannot recover for damage from the noise of operating trains.
2. Same—Obstruction of Street and Alley.—Under Const. section 242, providing that one vested with the privilege of taking

Ill. Cent. Ry. Co. v. Elliott.

private property. for public use shall make compensation for the property taken or injured, one whose property adjoins a street and an alley may recover damages for the obstruction thereof by construction of a railroad across them, though at points not abutting his property.

3. Same—Temporary Obstruction—Measure of Damages.—Where a railroad obstructs, without right, a street, by construction of its road, but afterwards removes the obstruction, by constructing a proper crossing, the measure of damages to property on the street is the diminution in the value of the use of it during the continuance of the obstruction caused thereby.

4. Same—Damages from Cinders and Smoke.—Though property does not adjoin a railroad right of way, damages to it from cinders, soot, and smoke thrown on it from trains are recoverable, though taken there by ordinary winds, but not when taken there by unusual winds.

5. Same—Instructions—Measure of Damages.—A railroad not being, as claimed, liable for damages to property, not on the right of way, from noise of the trains, but only for damages from obstruction of the street, which it adjoins, and from cinders, soot, and smoke cast on it from the trains, the court should not instruct that the measure of damages is the difference in the value of the property just before and just after the road was constructed; but should state it as any difference in the value of the property with the cinders, soot, and smoke and obstruction, and what it would be without them.

TRABUE, DOOLAN & COX for appellant.

ROBBINS, THOMAS & CORBETT of counsel.

POINTS AND AUTHORITIES.

1. Where the occlusion of a street is in a block distant from the block in which the plaintiff's property is located, and there are cross streets between such property and the point of occlusion affording ingress and egress to plaintiff's property no right of action exists for the occlusion of the street. (Gargan v. L., N. A. & C. R. R. Co., 89 Ky., 212; Bailey v. Culver, 12 Mo. App., 175; Smith v. Boston, 7 Cush., 255; Davis v. County Commissioners, 150 Mass., 218, 55 A. & E. R: R. Cas., 52.)

2. For doing an act authorized by law no action lies except by statute, which statute in such case operates a qualification of

Ill. Cent. Ry. Co. v. Elliott.

the legal right.    (Fisher v. Seaboard, etc. Ry. Co., 46 S. E. Rep., 281, 38 A. & E. R. R. Cas. (n. s.), 683; L & N. Terminal Co. v. Lellyett, 85 S. W. Rep., 81, 38 A. & E. R. R. Cas. (n. s.) 498; Note 38 A. & E. R. R. Cas. 498, 526, 527, 529, 544; Traction Co. v. Chicago, 99 U. S., 635; B. & P. R. R. Co. v. Fifth Baptist Church, 108 U. S. 317, 11 A. & E. R. R. Cas., 28.)

3. Where land is taken, or an easement like a street obstructed, there is a statutory right in the State Constitution.    (J. M. & I. v. Esterle, 13 Bush, 674; R. R. Co. v. Appelgate, 8 Dana, 289; Cosby v. R. R. Co., 10 Bush, 288, etc.)

4. There is no distinction between a railroad company and an individual, both having equal rights, and an individual is not liable, although his or its enterprise may be noisy, dusty or smoky.    (Louisville Coffin Co. v. Warren, 78 Ky., 48; Railroads v. Kleymeier, 105 Ky., 609; Willis v. K. & I. Bridge, 104 Ky., 186, and L. & N. v. Walton, 24 Ky. Law Rep., 9, 67 S. W., 988 distinguished and criticised.)

5. The road complained of was not new, but simply a case of changed location from one side of appellee's residence to the other, the old road being about 230 and the new about 180 feet from her residence, and there was, therefore, no additional annoyance or inconvenience actual, real or capable of being described and appreciated, so she had no right of recovery.    (C. & O. v. Gross, 19 Ky. Law Rep., 1926, 43 S. W., 203; L. & N. Terminal v. Lellyett, 85 S. W. Rep., 81, 38 A. & E. R. R. Cas. (n. s.) 498.)

6. The criterion of damages embodied in the instruction, viz., the difference in value before and after construction of the road, was erroneous; the real criterion is "the diminution of the value of the property occasioned by these circumstances, and not the difference between the value of the property before and after the building of the road."    (E. L. & B. S. R. R. Co. v. Combs, 10 Bush, 383, syllabus 6; J. M. & I. R. R. Co. v. Esterle, 13 Bush, 667; L. & N. v. Geikel, 9 Ky. Law Rep., 813; M. & B. S. R. Co. v. Urban, 10 Ky. Law Rep., 1061; Ibid v. Lynch, 14 Ky. Law Rep., 671; C. & O. R'y Co. v. Smith, 21 Ky. Law Rep., 175, 51 S. W. Rep., 12; Paducah v. Allen, 111 Ky., 361.)

7. No cause of action exists for noise.    (C. & O. v. Gross, 43 S. W. 203, supra; Henderson, etc. v. DeChamp, 95 Ky., 219, 224.)

8. Upon supposed injuries so intangible as those shown by the evidence no action lies, and a peremptory instruction was required.    (C. & O. v. Gross, supra.)

J. B. WICKLIFFE for appellee.

The injury as shown by the proof in this case being of such

Ill. Cent. Ry. Co. v. Elliott.

nature as there was no intention on the part of appellant to at any time abandon the nuisance, the criterion of damages was properly submitted in the instructions, and we submit that the appellants should not be heard to complain at the verdict, when in fact the proof warranted a much larger verdict.

### AUTHORITIES CITED.

L. & N. Railroad Company v. Carter, 77 S. W. Rep., 719; Same case, 76 S. W. Rep., 364; L. R. A. Book 22, p. 666; L. R. A. Book 24, p. 396; L. R. A. Book 27, p. 551; L. R. A. Book 29, p. 88; . R. A. Book 40, p. 370; L. R. A. Book 22, p. 627; L. R. A. Book 37, p. 856; L. R. A. Book 1, p. 493.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

Mrs. A. O. Elliott is the owner of two lots in the town of Wickliffe, Ky., at the corner of Front and Court streets, on which she resides and conducts a hotel. Prior to the year 1904, the line of the railroad ran west of Mrs. Elliott's house near the Mississippi river, which gradually encroached upon the railroad track; and, to avoid this trouble, the railroad company built a new line further from the river and between Mrs. Elliott's house and the central part of the town of Wickliffe. The new line crosses both Front street and Court street, and also crosses an alley back of her house, her land running back to the alley. This suit was brought by her to recover damages from the railroad company for the obstruction of Front street and the alley, and the injury to her property from the smoke and cinders thrown upon it and the noise incidental to the running of the railroad trains. The proof on the trial showed that in a straight line it was 230 feet from Mrs. Elliott's house to the old line of the railroad and that it was 180 feet from her house to the

new line.   The situation is shown on the following plot:

There was proof introduced on the trial showing that, by reason of the smoke and cinders and the noise of passing trains, Mrs. Elliott's house was unsuited for a hotel, and had been depreciated in value some-

thing like $2,000 or $3,000 by the change of the road. The court instructed the jury as follows:

"(1) The court instructs the jury that if they believe from the evidence that defendant constructed a railroad in such proximity to the home of the plaintiff that the noise of defendant's trains and the smoke and dirt that passes from defendant's engines to plaintiff's property renders her house less comfortable as a residence, and less valuable by reason thereof, or if you believe from the evidence that if defendant in constructing its road obstructed, stopped up, or destroyed a portion of Front or First street and a portion of the alley in the rear of plaintiff's property, and that, by reason of such obstruction, stoppage, or destruction of said street or alley, plaintiff's property has been damaged, then you will find for plaintiff such damages as you may believe she has sustained by either or both of the above causes, not exceeding the sum of $4,000, and in measuring such damages, if any, you will consider the value of her house and lot immediately before the defendant constructed its road and began to operate over it, and the value of the same immediately thereafter, caused proximately by the two causes mentioned; that is to say, by any increase in dirt, noise, or smoke or by diminution in value of the property through the destruction of portion of Front street and of the alley in rear of said property.

"(2) The court instructs the jury to find for the defendant unless the jury believes from the evidence that, by the change of the defendant's railroad, it was placed nearer to the plaintiff's property, and that there was increased noise and smoke thrown upon and around her property from what it had formerly been subjected to, and by reason of such increased noise and smoke her property was diminished in value. The

law is for the defendant, and you should so find, unless you may further believe from the evidence that the destruction of First street or the alley in the rear of plaintiff's property was the proximate cause of the injury to plaintiff's property, in which latter event you should find for plaintiff the difference in value, if any, between said property immediately before said street and alley were obstructed or destroyed and the value of same immediately afterward, and unless you believe the latter proposition or the one presented above the law is for defendant, and you should so find.

"(3) The court instructs the jury that the defendant had the right to move its track from the west side to the east side of the plaintiff's property, and the jury can not find any damages resulting to her property solely from the change of location of its railroad."

A great deal of evidence was admitted on the trial as to the annoyance caused by the noise from the trains. One witness said that "it seems like the train is running in at your window if you happen to wake up at night upstairs 'on the north side of the house." All the evidence as to the noise made by the trains should have been excluded, and the instruction should not have allowed any recovery on account of noise. The running of a railroad train is a lawful business carried on upon the owner's own property. The noise is inseparable from the running of the trains. No amount of care can prevent it. Mrs. Elliott's property does not adjoin the right of way, and, if she can maintain an action for this noise, every property owner in the town can maintain a like action, and so can all those along the right of way. That an abutting owner on a street can not recover for the noise made by the trains was held in Cosby v. Owensboro R. R. Co., 10 Bush, 294; C. & O. R. R. v. Gross, 43 S. W.

203, 19 Ky. Law Rep. 1926; L. & N. R. R. Co. v. Kley-meier, 105 Ky. 609, 20 Ky. Law Rep. 1415, 49 S. W. 484; and in a number of other cases, this court, in defining what may be recovered for, has omitted noise from passing trains. See Railroad Co. v. Combs, 10 Bush, 392, 19 Am. Rep. 67; Henderson Belt R. Co. v. Dechamp, 95 Ky. 219, 24 S. W. 605, 16 Ky. Law Rep., 82; Willis v. K. & I. Bridge Co., 104 Ky., 186, 46 S. W. 488, 20 Ky. Law Rep. 475.

There was proof on the trial that the railroad made a cut across Front street and across the alley in the rear of Mrs. Elliott's lot, thus entirely obstructing travel along Front street or along the alley. It is insisted that, as this obstruction of the alley and of Front street is at a point abutting the property of Mrs. Elliott, she cannot recover for it. There are authorities sustaining this view, but the rule in Kentucky is otherwise. In Transylvania University v. Lexington, 3 B. Mon. 27, 38 Am. Dec. 173, the court said: "Every owner of ground on any street in Lexington has a right, as inviolable as it is indisputable, to the common and unobstructed use of the contiguous highway, so far as it may be necessary for affording him certain incidental easements and services, and a convenient outlet to other streets. And of this right the Legislature cannot deprive him, without his consent, or a just compensation in money. The extent of this appurtenant right, depending on circumstances, may not in a particular case be easily definable with mathematical precision. As far as it exists, however, it partakes of the character of private property, and is therefore protected by the fundamental law as property. But it cannot, as to each proprietor of ground, be coextensive with all the streets and alleys of the city. As a private right, it must, like that of

vicinage, be limited to its own nature and end; that is, chiefly by the necessity of convenient access to, and outlet from, the ground of each proprietor.'' This case was followed in Gargan v. Louisville, etc., R. R. Co., 89 Ky. 212, 15 Ky. Law Rep. 95, 12 S. W. 259, 6 L. R. A. 340; Bannon v. Rohmeiser, 90 Ky. 52, 13 S. W. 444, 11 Ky. Law Rep. 987, 29 Am. St. Rep. 355; Wickliffe v. Illinois Central R. R. Co., 108 S. W. 243, 32 Ky. Law Rep. 1159. As far as appears from the evidence, the obstructions in the street and the alley are permanent, and, if the condition remains at the trial, the measure of damages for the obstruction will be the diminution in value of the property by reason of it. But the defendant has no right to obstruct the highway, and, if it shall remove the obstruction by putting in a proper crossing, the measure of damages will be the diminution in value of the use of Mrs. Elliott's property during the time the obstruction was continued. L. & N. R. R. v. Carter, 76 S. W. 364, 25 Ky. Law Rep. 759; Id., 77 S. W. 719, 25 Ky. Law Rep. 1303.

It is also insisted that, as the railroad does not run along the street adjoining the plaintiff's property, she cannot recover anything for the smoke and dirt thrown on her property by the trains. The contrary rule was laid down in Willis v. K. & I. Bridge Co., 104 Ky. 186, 20 Ky. Law Rep. 475, 46 S. W. 488, and in L. & N. R. R. Co. v. Walton, 67 S. W. 988, 24 Ky. Law Rep. 9. Where a railroad throws smoke and cinders upon the property of another, it is a trespass upon the property, and this is an injury to the property, for which, by the express mandate of the Constitution, compensation must be made. Section 242 of the Constitution provides: ''Municipal or other corporations or individuals invested with the privi-

lege of taking private property for public use shall make just compensation for the property taken, in-jured or destroyed by them.'' Under this provision, where private property is injured by a railroad cor-poration, it must make just compensation for the in-jury, and it cannot make any difference whether the railroad is upon a street in front of the property or elsewhere.

The defendant asked the court to instruct the jury that there could be no recovery for smoke or cinders carried upon the property by currents of wind. The instruction was refused, and of this it complains. Elizabethtown, etc., R. Co. v. Combs, 10 Bush, 392, 19 Am. Rep. 67, the court said: ''And, if his houses are damaged by having smoke, soot, or fire from pas-sing engines thrown or blown into or against them, he is entitled to recover for this also.'' In Henderson Belt Railway Company v. Dechamp, 95 Ky. 224, 24 S. ,W. 605, 14 Ky. Law Rep. 44, the cir-cuit court instructed the jury that the railroad company was not responsible for smoke or cinders carried upon the property by currents of wind. There was a verdict for the plaintiff, and the railroad com-pany appealed. The judgment was affirmed, but the only question before the court was whether the in-struction was prejudicial to the railroad company. In the subsequent case of L. & N. R. R. Co. v. Kley-meier, 105 Ky. 612, 20 Ky. Law Rep. 1415, 49 S. W. 484, the judgment was reversed for other reasons, and, at the conclusion of the opinion, it was held that the instruction should have been given. But what the court had in mind was unusual currents of wind. The air is hardly ever still. Cinders and smoke will usually float off to one side of the railroad. This may be ordinarily expected, and the defendant should

be responsible for such consequences as must be anticipated; but it is not responsible for the smoke or cinders carried to adjoining property by unusual currents of wind, and on another trial the court will so instruct the jury.

The court erred in telling the jury that the measure of damages was the difference in value of the property just before and just after the road was constructed. By this measure of damages, the jury necessarily got into their minds that they should take into consideration the diminution in value of the plaintiff's property by reason of the change in the location of the railroad. On another trial the court will tell the jury that, if the increased cinders, soot, or smoke or the obstruction of the street or the obstruction of the alley diminishes the value of the plaintiff's property, then the measure of damages is the difference in value of the property with the cinders, and smoke and obstruction of the street and alley as they are and what it would be without the increased cinders, soot, or smoke or the obstruction of the street or alley. The court will, in lieu of the second instruction, on another trial tell the jury that, unless the plaintiff's property has been diminished in value by reason of the increased cinders, soot, and smoke thrown from the trains upon the property or by reason of the obstruction of Front street or the alley in the rear of the property, they should find for the defendant.

Judgment reversed, and cause remanded for a new trial, and for further proceedings consistent herewith.