## Harp v. Southern Railway Co., et al.

(Decided November 14, 1912.)

Appeal from Whitley Circuit Court.

1. Action—Splitting Cause of—Tort.—The rule is elementary that a party cannot split the cause of action and sue on a part at one time and the remainder at another, and so if several distinct things or species of property owned by the same person are injured by the same act or tort, the injured party cannot bring different actions for each injury, but must seek to recover all his damage in one action.

2. Action—Splitting Cause of—Bar—Agreed Suit.—The rule against splitting actions is for the benefit of the defendant who may, if he chooses, consent that several actions may be brought when one would answer, and so if the parties make up an agreed case, under section 637 of the Civil Code, and the defendant consents that only one item of damage, among several that were caused by a wrongful act, may be submitted in the agreed case, the judgment in the agreed case will not bar an action by the injured party to recover damages for the other items of loss sustained.

H. C. GILLIS, J. B. SNYDER and B. B. SNYDER for appellant.

E. LELAND TAYLOR and TYE & SILER for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

A lot of growing corn and a house and household goods were injured by the explosion of a carload of dynamite being transported by the appellee companies. Alleging that the explosion and resulting injury was caused by the negligence of the carriers, the appellant brought this suit to recover damages for the injury to his house and household goods.

One of the defenses pleaded and relied on by the appellee companies arises out of the fact that some months previous to the institution of this action the appellant and the appellee companies made up an agreed case, under section 637 of the Civil Code, reading as follows: "Parties to a question which might be the subject of a civil action may, without action, state the question and the facts upon which it depends, and present a submission thereof to any court which would have jurisdiction, if an action had been brought. But it must appear by affidavit that the controversy is real, and the proceedings in good faith, to determine the rights of the parties. The court shall, thereupon, hear and determine the case, and render judgment as if an action were pending."

In this agreed case it was set out in substance that the appellant, who was the plaintiff in the agreed case, was the owner of a growing crop of corn, which was materially injured by the explosion of the contents of a car of dynamite that was being transported by the appellees, who were the defendants in the agreed case, and that the corn was damaged to the extent of $100. It was further agreed that the plaintiff charged that the explosion occurred by reason of the negligence of the defendants in transporting the car, while the defendants denied that they were guilty of any negligence. It was further agreed that the evidence heard in the trial of the case of Stewart v. the defendants should be read and considered as a part of the agreed case. The court to which the agreed case was submitted rendered a judgment in favor of the plaintiff for the sum of $100.

In their answer to this action the appellees in one paragraph set out the facts in relation to the agreed case, and made the record in the agreed case a part of their pleadings. They further averred "that the damages which the plaintiff seeks to recover in this action were caused by the same explosion which damaged the growing crop of corn in question in the agreed case, and

for which he procured judgment for $100 against these defendants; that the plaintiff in this action seeks to recover $500 in damages for injury to a house located in Jellico, Tennessee, and of which he claims to have been the owner at the time of the explosion, to-wit; on the 21st day of September, 1906, and $300 in damages for injury to certain household goods and kitchen furniture of which he claims to have been then and there the owner, and located in said house; that the plaintiff in this action alleges that the explosion was caused by the negligence of these defendants and is seeking to recover $800 for injury to the foregoing property by reason thereof; that Robert Harp, who was the plaintiff in the agreed case, is the same person as Robt. F. Harp, who is the plaintiff in this case;　*　*　*　that the subject matter of the present action could have been properly included in the adjudication of the former action; that the capacity and scope of the former action were sufficient to have legitimately included the subject matter of the present action in its adjudication; that the plaintiff never had but one cause of action growing out of the explosion in Jellico, Kentucky, on the 21st day of September, 1906; that the defendants plead the former action, proceedings, and adjudication in bar of this action."

To the paragraph of their answer pleading in bar of this action the agreed case and the pleadings therein, the appellant filed a general demurrer, but his demurrer was overruled, and declining to plead further, his petition was dismissed, and this appeal is prosecuted.

From the foregoing statement it will be seen that the only question for our decision is, was the agreed case and the proceedings had therein a bar to this action? In support of the judgment of the lower court holding that the agreed case and proceedings therein was a bar, counsel for appellees rely upon the case of Coles v. Illinois Central Railroad Co., 120 Ky., 686. In the Coles case the action was brought by the administratrix of Coles against the railroad company to recover damages for killing a horse and demolishing a buggy which belonged to her intestate. For answer the railroad company set up that her intestate was killed in the same accident and at the same time that the horse was killed and the buggy injured, and that the administratrix had recovered against the railroad company for the death of her intestate, which judgment had been paid. In rul-

ing that the facts pleaded were a bar to a recovery in the separate suit to recover damages for the loss of the horse and buggy, the court said: "The record shows that it was the same tort which destroyed the life of the intestate and his property. * * * The action for the killing of the horse should likewise have been brought by the personal representative; so the cause of action for both items of damages was in the same person, and the liability was against the same defendant. * * * The rule seems to be almost, if not quite universal, that the entire claim or items arising out of a civil action, whether in the nature of a contract or tort, cannot be divided into separate and distinct claims and each form the basis of an action." In Covington & Cincinnati Elevated Railroad & Transfer & Bridge Co. v. Kleimeier, 105 Ky., 609, it is said: "The rule is elementary that a party cannot split a cause of action and sue on a part at one time and the remainder at another." It was said in Louisville Bridge Co. v. Louisville & Nashville Railroad Co., 116 Ky., 258, "Numerous authorities are cited by counsel in support of the proposition that where an entire cause of action is split a judgment in one case will bar a second action for the rest of the claim. The principle is sound and has been applied very often by the courts."

While agreeing entirely with what the court said in these cases, we do not think the principle there laid down is applicable to the facts shown by the record in the case we are now considering. The reason for denying the plaintiff the right to split up his cause of action and bring several suits when one would answer is to save the defendant from the vexation and cost of litigating in several actions what might have been litigated in one, and under this rule, when the plaintiff elects to bring a suit for a part only of that which might properly have been included in it and recovers a judgment, he cannot afterwards bring other or different actions to recover for what might have been included in the action brought for a part. If the appellant had brought an action against the appellees to recover damages for injury to his corn without including in his action the damage he was entitled to recover for the injury to his house and household goods, we would say that a recovery in the action for damages to the corn would bar an action to recover damages for the injury to his house

and his goods, or either of them, as he could have sued and recovered for all the damage sustained in one action. But no suit was brought to recover damages for the injury to the corn. The parties to the controversy agreed that the corn was injured in a certain sum by the explosion, they only differed as to whether the explosion was caused by negligence, and they agreed to submit to the court having jurisdiction to render judgment the single matter in controversy between them. The defendants in the agreed case were not brought into court against their will or by the ordinary processes of the law. They consented to all that was done in the agreed case, but they did not consent that their liability for damage to any other property might be determined in the agreed case. As parties to the agreed case they had the right to consent that any real matter in dispute between them and the plaintiff should be determined, and to put into the agreed case only such matters as they could agree about. Under these circumstances they must be deemed to have consented that a part only of the matters in dispute between them should be presented for adjudication in the agreed case. When it is considered that the object of the rule against splitting causes of action is to protect the defendant from unnecessary vexation and cost, it cannot be said that this rule is violated when the defendant consents that a part only of a matter in dispute may be determined in one case or in one action. The defendant may, if he chooses, permit the plaintiff to split his cause of action and bring numerous suits when only one was necessary. He may waive his right to insist that all matters of dispute that could be determined in one action must be included in that action, and when he has thus waived the right to object that the action has been split up, he will not be heard to make this objection, when to allow him to do so would prejudice the rights of the plaintiff. For example, the defendants in the agreed case had the right to insist that the whole controversy between the parties should be embraced in the agreed case, but in place of doing this they consented that only a part of the matters in dispute should be submitted in the agreed case, and to permit them now to make the defense relied on would enable them to defeat apparently just claims that the plaintiff would probably have put in the agreed case if they had requested that it be done, or at any rate their failure to consent would have given the plaintiff the

right to either submit in an agreed case a part of the matter in dispute or else have declined to submit any of it.

In our opinion the demurrer to so much of the answer as relied on the agreed case as a defense should have been sustained. Wherefore, the judgment is reversed, with directions for a new trial in conformity with this opinion.