## Trustees of Cincinnati Southern Railroad Company et al. v. Hanks.

(Decided June 21, 1932.)

R. L. BRONAUGH for appellants.

L. SAUNDERS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This is an appeal from a judgment for $750 in favor of Sam Hanks for injuries to his property alleged to have been caused by soot, cinders, smoke, and jar from passing trains.

The situation disclosed by the evidence is this: Hanks owns a residence and storehouse at High Bridge, in Jessamine county. The railroad which formerly ran some distance from his property, was reconstructed in the year 1929, and its tracks were placed alongside of, and about 150 feet distant from, the property. Appellee and others testified that numerous trains passed each day, and they not only jarred his property, but cast thereon large quantities of soot, cinders, and smoke. Several witnesses testified that the market value of the property was depreciated by the operation of the railroad, and fixed the depreciation at from $500 to $2,500. As the injury was permanent, and only one recovery could be had, the court properly fixed the measure of damages

as the difference, if any, between the fair market value of the property at the time when it became generally known that the defendants' tracks would be located where they are now and its fair market value just after the tracks were so located and trains operated thereon. Chesapeake & O. Ry. Co. v. Smith, 51 S. W. 12, 21 Ky. Law Rep. 175; Chesapeake & O. R. Co. v. Stein, 142 Ky. 515, 134 S. W. 1169; Hobson, Blaine & Caldwell's Instructions to Juries, sec. 530. But appellants insist that the evidence was insufficient to take the case to the jury as none of the witnesses attempted to fix the market value of the property at the time it became generally known that the railroad tracks would be placed near the property. The witnesses did testify as to the market value of the property before the tracks were constructed, and its market value after their construction, and we think this evidence was near enough in point of time to take the case to the jury.

The evidence of certain witnesses is attacked on the ground of inconsistency, and the further ground that they were not qualified to testify as to market values. We deem it unnecessary to detail the evidence. The railroad offered no evidence on the question of injury, and even if we disregard all that the other witnesses said, the evidence of James R. Dorman, who had resided at High Bridge for many years, and was familiar with property values there, to the effect that the market value of the property in question was $5,000 before the injuries complained of, and from $3,000 to $3,300 after the construction of the tracks, was alone sufficient to sustain the verdict.

There is the further contention that the court should have modified the instruction on the measure of damages so as to exclude damages resulting from smoke and cinders thrown on the property by the force of the wind alone. It is true that we have held such a qualification proper. Henderson Belt R. Co. v. Dechamp, 95 Ky. 219, 24 S. W. 605, 16 Ky. Law Rep. 82; Louisville Southern R. Co. v. Hooe, 47 S. W. 621, 20 Ky. Law Rep. 849; Covington & C. Elevated Railroad, Transfer & Bridge Co. v. Kleymeier, 105 Ky. 609, 49 S. W. 484, 20 Ky. Law Rep. 1415. But, in view of the size of the verdict, and of the further fact that passing engines were near enough to throw, and did throw, cinders and smoke on the property, and but little, if any, damage may be fairly attrib-

uted to the force of the wind alone, we are not disposed to the view that the court's failure to exclude such damage was prejudicial error.

Judgment affirmed.