CASE 35—EQUITY—NOVEMBER 14.

# Pearson, &c., v. Zable, &c.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

1. That a lot within a district assessed for local improvements by a city is not benefited by the improvement does not exempt it from taxation.
2. Where street contractors have done their work upon a street, as required by the ordinance of the city authorities and their contract, they are not responsible to property-holders for injuries to property resulting therefrom.
3. A city is responsible to property-holders for unnecessary injury to property in making local improvements by contractors.

MESSRS. CLEMMONS & WILLIS FOR APPELLANTS.

1. The appellant's property cannot be taken away from her under a lien, created against it for the benefit of a street contractor, unless she derives some benefit from the improvement. She has actually been injured by it.

2. Her counter-claim against appellees cannot be avoided upon the ground that they did the work under the orders of the city.

3. The court erred in sustaining the demurrer to appellants' cross-petition against the city of Louisville. (Prather v. City of Lexington, 8 Mon., 560; Patch v. City of Covington, 17 B. Mon., 728; Keasy v. City of Louisville, 4 Dana, 154; Lou. Rolling Mill v. City of Louisville, 3; Bush, 417; Kemper, &c., v. Same, 14 Bush, 87.)

S. B. RICHARDSON FOR APPELLEES ZABEL, &C.

1. The improvement was done under the orders of the city authorities, and whether appellant is actually benefited or injured is immaterial. (R., p. 72; Ibid, 92, 103, 104; Ibid, 58, 59, 73, 77, 83, 84, 88.)

2. There can be no cause of action against appellees as street contractors for supposed injuries resulting from improvements made by them under city ordinances.

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

The female appellant owns a lot situated on Elizabeth street, between Gallagher and O'Hara streets, in the city of Louisville.

The appellees, John and Fred. Zable, under a contract with the city, graded Elizabeth street from Gallagher to O'Hara, and brought this suit against the appellants on an apportionment warrant for the recovery of that part of the cost of grading the street which was apportioned against the lot.

The appellants answer, alleging (1) that the grading of the street was not only of no benefit to the lot, but injured it; (2) that a large part of the lot had been excavated to the depth of about eight feet to reach a valuable deposit of sand and gravel, which they were excavating and selling; that before Elizabeth street was graded the gravel pit was not affected by the natural surface drainage, and that the use of

the pit was never impeded by any rain-fall, however great; that in consequence of the manner in which the street was graded, the natural flow of surface water has been so changed that it runs along Elizabeth street toward the gravel pit, and that no means had been provided for the escape of water from the street, and in consequence it had been forced over the side of the street into the gravel pit, and the pit had been filled with mud and water, in consequence of which they had been greatly hindered and obstructed in its use, and put to great trouble and expense to remove the mud and water from the pit, and had been otherwise injured.

They made this portion of the answer a counter-claim against the Zables, and a cross-petition against the city, and sought judgment for the damages sustained.

The chancellor sustained the city's demurrer to the cross-petition, and on hearing, dismissed the counter-claim and rendered judgment on the petition to sell the lot for the payment of the demand sued upon.

The appellants insist that the legal right to assess adjacent property for the cost of local improvements rests alone upon the fact that such property derives peculiar benefits from such improvements, and that they have shown that their lot is not only not benefited, but is in fact injured by the work done, and therefore that the lot cannot be constitutionally assessed to pay any portion of the cost of the work.

That the right to make local assessments for local improvements is based on the fact that property in close proximity to the improvement derives a peculiar benefit from the improvements, has generally been conceded, and we assume that such is its basis. (Cooley on Constitutional Limitations, page 630, fourth edition, and authorities there cited.)

But it by no means follows that each piece of property within the bounds over which the assessment extends must in fact derive benefit from the improvement. The area over which the assessment extends constitutes for the occasion a tax district. Whether the property within that district, considered as an entirety, will be benefited by the proposed improvement, is a question to be decided primarily by the legislature. And when that department, whether acting directly or through the local authorities, to which it may have delegated the power to determine when such improvements shall be made, directs an improvement to be made and the cost of making it to be assessed upon adjacent property, there is a decision by the legislature that the property within the district will be benefited.

This decision will generally be final and conclusive upon the question of benefits to the district as a whole, and also that public convenience demands that the improvement be made. Whether there might not be a case in which the absence of benefits and of public necessity for the improvement would be so clear and palpable as to warrant the courts in pronouncing the legislative act a mere license for spoliation under the guise of making public improvements, we need not inquire. It is not claimed that the grading of Elizabeth street has not been beneficial to the property assessed to pay for it, when considered as a whole. All that is claimed is, that it was not beneficial to appellant's lot.

It is impossible so to adjust public burdens of any description as to secure perfect equality. All that can be done is to approximate it. And moreover, there must be uniformity in taxation in all its branches. Not uniformity when considered with respect to benefits derived from the expenditure of taxes, but uniformity in their imposition. When a tax

district is established, the legislature looks at it as a whole, and directs all the property within it which belongs to that class upon which the tax is imposed to bear its proportion according to some fixed ratio of apportionment, and this is done not with reference to the benefits to be derived by each individual owner, but the tax is apportioned upon the property according to the scheme of apportionment that is adopted, and independently of the question whether a particular owner will be benefited at all or not.   In other words, the legislature, in determining whether there will be such benefits from the improvement as will authorize it to assess the cost upon adjacent property, looks at the district as a whole;  but when it comes to apportion the tax upon the subjects of taxation, it leaves the question of benefits entirely out of view, and apportions upon all the property alike, as though it would all be equally benefited.

We are therefore of the opinion that the fact, if it exists, that the appellants' lot derives no benefit from the grading of the street, or is even injured by it, they must nevertheless pay the proportion of the cost apportioned against the lot.

2. It is not alleged that the appellants did not grade the street in all respects as required by the ordinance and contract, and we must therefore assume that they did.   What they did having been done under authority of law, they are not responsible for injury resulting to the appellants in consequence of the failure to provide an outlet for the water accumulating in the street, or for the consequences resulting from it.   It was not their duty, but the duty of the city, to provide plans for the work, and to guard against unnecessary injury to property.

3. But we are of the opinion that the court erred in sustaining the demurrer to the cross-petition.

While it is true that purchasers of property on an unim-
proved street take it subject to the power of the municipal
authorities to improve the street according to any reasonable
grade and plan they may see proper to adopt, and cannot
recover for any injury resulting to their property from such
improvement, yet it is only such injury as results legiti-
mately from the improvement when properly done accord-
ing to the plan adopted.

When, by improving a street, the natural flow of a large
quantity of surface water is changed, it is the duty of the
city to provide against its flowing upon the adjacent lots in
such quantities as to be a serious injury to the property or
inconvenience to the occupant or owner. As said in Keasy
v. City of Louisville, "the public, like a private person,
must so use its own as not to injure another's property."
And while the lot-owner takes his lot subject to the right
to improve the street according to any reasonable plan that
may be adopted, and must bear any loss resulting from it,
he does not take it subject to injuries which result from the
improper or imperfect execution of the plan or work. On
the contrary, the city is bound to provide against such in-
juries, and if it fails, is liable, like a private person, for the
injury done. (Kemper v. Louisville, 14 Bush, 87.)

Wherefore, the judgment dismissing the cross-petition
against the city of Louisville is reversed, and the cause is
remanded, with directions to overrule the demurrer. The
judgment is affirmed as to the other appellees.