CASE 99—ACTION FOR DAMAGE TO PROPERTY BY STREET RAILWAY—JUNE 15.

# Louisville Railway Co. v. Foster.

108    743
132    333

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

STREET RAILWAYS—INJURY TO ABUTTING PROPERTY, FROM OPERATION OF TURNTABLE.

Held:   Under section 242, Kentucky Constitution, the owner of city property fronting on the street must submit to all those noises, smells and disturbances that are usual in city life, including the use of the highway by the street railway, in so far as they were reasonably incidental to the operation of a street railway in a city, and borne by the public generally, and so far as the injury complained of arose from these causes there could be no recovery.

2. But for any substantial injury to such property, arising from the location or operation of a turntable or cars that was caused by such noises, smells and disturbances as were not fairly incidental to the usual operation of a street railway and borne by the property owners, generally along the line, there should be a recovery.

FAIRLEIGH, STRAUS & EAGLES, ATTORNEY FOR APPELLANT.

The motion for a peremptory instruction for defendant should have been sustained because the damage (if any) she suffered is in law no basis of an action and is *damnum absque injuria.* Willis

Louisville Railway Co. v. Foster.

v. K. & I. Bridge Co., 46 S. W. Rep. 489; Baltimore & Potomac R. R. v. Fifth Baptist Church, 108, U. S. 321; Romer v. St. Paul City Ry. Co. 77 N. W. Rep., 825; Ashland City Ry. Co. v. Faulkner, 45 S. W. Rep., 235; Cosby v. L. & N. R. R. 10, Ky. Law Rep., 294; Ford v. The Chas. Warner Co. 37 Atl. 39.

The court should have instructed the jury as to damages arising from temporary injuries from causes which might be removed and as to damages arising from permanent injuries. Uline v. N. C. C. & H. R. R. 101, N. Y. 98; 87 Tenn. 623; Union Pacific R. R. v. Fahy, 19 Cal. 282.

The verdict of the jury was excessive and unauthorized by the testimony and palpably against the large preponderance of the evidence. Henderson Belt Ry. Co. v. Stapp, 14 Ky. Law Rep., 111.

No allegations are made of breaking of walls, throwing of cinders, or soot, no destruction or impairing of the right of ingress or egress; in fact, no physical injury to the property whatever.

J. H. EATON, Attorney for appellee.

Held: 1. The appellee's property has been "taken" within the prohibition of the Constitution. Lexington & Ohio R. R. Co. v. Applegate 8 Dana, 294; Keasey v. City of Louisville, 4 Dana, 154; Fulton v. Short Route Railway Transfer Co. 85 Ky. 652; Ashland City Railway Co. v. Faulkner, 45 S. W. Rep. 234; Kemper v. City of Louisville, 14 Bush, 87; Willis v. Kentucky and Indiana Bridge Co. 20 Ky. Law Rep. 475.

2. Appellee's property has been "injured" within the prohibition of the Constitution. Campbell v. Metropolitan Street Railway Co. 82, Ga. 320; Lewis on Eminent Domain, sec. 227, Lewis on Eminent Domain, sec. 225; Rigney v. Chicago, 102 Ill. 64; Chicago & Western Indiana R. R. Co. v. Ayers. 106, Ill., 518; Jaynes v. Omaha Street Railway Co., 74 N. W. Rep., 67 (39 L. R. A. 751.); Chicago R. I. & P. R. R. Co. v. O'Neill, 78 N. W. Rep., 521; City of Henderson v. McClain, 19 Ky. Law Rep. 1450. City of Ludlow v. Detweller, 47 S. W. Rep. 881.

3. The appellee is entitled to recover for permanent depreciation.

(a) The appellant, having failed to ask in the lower court any instructions concerning temporary damages, can not raise the point here for the first time. Newport Street R. R. Co. v. Johnson, 2 Ky. Law. Rep., 225. E. & B. S. R. R. Co. v. Messer, 11 Ky Law Rep., 486; Shank v. Stewart, 16 Ky. Lew Rep., 159.

(b) The facts proved by appellee authorize a recovery for permanent depreciation. Shano v. Bridge Co., 189 Pa. St., 245; Louisville & Nashville R. R. Co. v. Orr., 91 Ky., p. 114.

4. The evidence supports the verdict, and the verdict is not excessive.

Louisville Railway Co. v. Foster.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

Appellee is the owner of a house and lot on Sixth street, in the city of Louisville, and filed this suit to recover damages against appellant for injury to her property by reason of the construction and operation of its tracks and turntable for its street railway in Sixth street, near the front of her property. The street-car tracks run out southward from the northern part of the city, along Sixth street, to the turntable, which is located five feet north of appellee's property line, and there the cars turn around and go back to the starting point. She alleged that a great many cars are run over the line, and are turned around at the turntable, almost continuously throughout the day, and a large part of the night, at intervals of only a few minutes apart, causing loud and jarring noises, and vio. lently shaking her house; that, when turned, the cars are swept, and the filth left in the street; that the lamps are then filled with oil, and the wheels greased; that in the winter months an oil stove is kept under the turntable, emitting large quantities of noxious and unwholesome smells; and that very early in the morning, and before the customary hour for rising, a number of cars are collected at the turntable, cleaned and swept, and great and unnecessary noises made, rendering it impossible for the occupants of appellee's house to sleep. Appellee alleged that by reason of the above her dwelling house had become unfit to live in, and the occupation and enjoyment of her property greatly injured, for which she prayed damages in the sum of $2,162. The allegations of the petition were denied by the answer.

On the trial of the case the proof was conflicting. The proof for appellee tended to show that the cars begin coming to the turntable about five o'clock in the morning;

that at first five or six cars come; that the windows are cleaned, and the cars swept out, until the time for them to start; that when they come to the turntable they shake everything in the house; that when they start off the turntable the wheels whirl around, making the fire fly, and shaking the whole house; that the stuff swept out of the cars kept the gutter full of filth all the time, causing a great stench; that frequently a car would run off the turntable, and would have to make two or three runs; that the drivers of the cars talk and halloo and slam the windows up, and from the jarring of the cars and the noise of the drivers, sleep is impossible in the house after 5 o'clock in the morning, or until past midnight. This proof also showed that there is considerable odor from the oil stove kept under the turn-table in winter. The proof for appellant, on the contrary, showed that this was only a large oil lamp kept under the turn-table to prevent the grease on it from getting stiff, and that there were no disagreeable noises or fumes from the operation of the turn-table, and no injury done to the adjacent property. The case was submitted to a jury, who returned a verdict for appellee in the sum of $500, on which the court entered judgment. To reverse this judgment the street-railway company has appealed to this court.

It is insisted for appellant that, conceding the truth of all the testimony for appellee, the court below should have peremptorily instructed the jury to find for it on the ground that the street railway is operated under proper legislative and municipal authority, is a necessary incident of city life, and must have turn-tables in the streets at certain points in its line. We are referred to the case of Romer v. Railway Co., 77 N. W. 825, decided by the supreme court of Minnesota, as sustaining this conten-

tion.  We have examined this case with care, and it must
be conceded under the principles there laid down, no re-
covery should be had here.  But, without questioning the
soundness of that decision, we do not think it applicable
in this State, because of section 242 of our Constitution:
"Municipal and other corporations and individuals invest-
ed with the privilege of taking private property for public
use shall make just compensation for the property taken,
injured or destroyed by them."  In the case of City of
Henderson v. McClain, 43 S. W., 700 (39 L. R. A., 349), this
court held that under this constitutional provision a re-
covery may be had in all cases where private property
has sustained a substantial damage by the making and
using of an improvement public in its character; that it
is not required that the damage shall be caused by a tres-
pass or an actual physical invasion of the owner's land,
but that he may recover if the construction and operation
of the improvement are the cause of consequential dam-
age; or, as the rule is otherwise stated, there may be a
recovery where "there has been some physical disturbance
of a right, either public or private, which the plaintiff en-
joys in connection with his property, and which gives to it
an additional value, and by reason of such disturbance
he has sustained a special damage with respect to his
property in excess of that sustained by the public general-
ly."  Appellee is entitled to the free enjoyment of her
property, including the use of the street in front of it,
in common with the public.  Her property derives a large
part of its value from the fact that it fronts on the street,
and she takes the benefit which she derives from the prox-
imity of the street to her property with the burden of those
inconveniences that the result to her property from the use
of the street for such purposes as city streets are fairly

and reasonably used for. Thus, in enjoying the advantages of the street, she must put up with the dust and noise incidental to its use by the public; and, if the sleep of the occupants is disturbed by such uses of the street as are incidental to city life, and necessarily borne by the public generally in cities, she can not complain. The proof on her behalf in this case would tend to show that appellee's property has been injured by appellant's use of the street, and that the damage she has sustained is in excess of that sustained by the public generally.

The court below instructed the jury as follows: "The court instructs the jury that the defendant, the Louisville Railway Company, had the right to locate its turntable mentioned in the petition at the end of its tracks on Sixth street, under the authority given it by the general council of the city, and they should find for the defendant, unless they shall believe from the evidence that the said turn-table is so constructed or operated as to materially diminish the fair market value of the plaintiff's property described in the petition by making it less desirable as a residence, because of noises, unwholesome smells, or noxious gases made by the defendant in the operation of the said turn-table." This instruction warranted the jury in finding for the appellee for all the damages she sustained from the construction and operation of the turn-table if it materially diminished the fair market value of her property, without regard to whether the matters complained of were necessarily incidental to city life or in excess of the damage sustained by the public generally. In Fulton v. Transfer Co., 85 Ky., 640 (4 S. W., 332), and in the previous case of Cosby v. Railroad Co., 10 Bush, 294, this court recognized the rule that in cases of this character there are many things that must be endured

by the abutting property owners, or such modes of transportation must be abandoned; that these things are *damnum absque injuria*, and for them no recovery can be had. In Willis v. Bridge Co., 46 S. W. 488, this court said: "Whenever a railroad company has been granted authority to use a street, it is accompanied with an implied qualification that its use shall not unreasonably interfere with and disturb the peaceful and comfortable enjoyment of others in their property. Such a grant does not license the railroad company to use the street in disregard of the private rights of others, and with immunity for their invasion. Legislative authority to so use a street does not deprive a citizen of the right to maintain an action for damages for any special inconvenience and discomfort not experienced by the public at large." As to a railroad over a public street in a city, it is said in Baltimore & P. R. Co. v. Fifth Baptist Church, 108 U. S., 331, (2 Sup. Ct., 728) (27 L. Ed., 744): "If, when used with reasonable care, it produces only that incidental inconvenience which unavoidably follows the additional occupation of the streets by its cars, with the noises and disturbances necessarily attending their use, no one can complain that he is incommoded. Whatever consequential annoyance may necessarily follow from the running of cars on the road with reasonable care is *damnum absque injuria*. The private inconvenience in such case must be suffered for the public accommodation."

We think the language quoted states correctly the character of injury for which no action can be maintained. Speaking of the operation of street railways in cities, and the right of the abutting property owner to recover for the operation of such railways, this court, in the recent case of Railway Co. v. Faulkner, 45 S. W., 235 (43 L. R. A.

554) said: "They are but a means of using the public
streets to a greater advantage for the very purpose for
which they were laid out, and are recognized as the best
and cheapest mode yet devised of getting about in a city,
and do not impose any new or additional burdens for which
abutters are entitled to compensation, unless they be so
constructed as to deprive the abutter of some easement, or
in some way cause him special damage for which he is
entitled to recover, as they do not hinder the use of the
rest of the street for the public travel, and in but a very
small degree obstruct travel on the part occupied by their
tracks." Wood, R. R., 748, and authorities there cited; 3
Elliott, R. R., 1635: On this point Judge Dillon says: "The
appropriation of a street for a horse railway, and used in
the ordinary mode, is such a use as falls within the pur-
poses for which the street was dedicated, or acquired under
the power of eminent domain." Dill. Mun. Corp. (3d ed.),
sec. 722. Judge Cooley says: "When land is taken or
dedicated for a town street, it is unquestionably appro-
priated for all the ordinary purposes of a town street; not
merely for the purposes to which such streets were form-
erly applied, but those demanded by new improvements
and new wants. Among these purposes is the use for car-
riages which run upon a grooved track; and the prepara-
tion of important streets in the cities for their use is not
only a frequent necessity, which must be supposed to have
been contemplated, but is almost as much a matter of
course as the grading and paving." Cooley, Const. Lim.,
556. This case only followed and amplified the principles
announced by this court in Louisville Bagging Mfg. Co.
v. Central Pass. Ry. Co., 95 Ky., 50 (23 S. W., 592).

The proof for appellant tended very strongly to show
that there was no more noise or disturbance at the turn-

table than is ordinarily incidental to the operation of an electric street-car line in a city, and must be borne by the abutting property owners in connection with the benefits which they derive from the street railway and the other uses to which the highway is put. Under this evidence the court should have qualified the instruction quoted, and should have told the jury that appellee, as the owner of city property fronting on the street, must submit to all those noises, smells, and disturbances that are usual in city life, including the use of the highway by the street railway, in so far as they were reasonably incidental to the operation of a street railway in a city, and borne by the public generally; and that, so far as the injury complained of arose from these causes, there could be no recovery; but that she could recover for any substantial injury to her property arising from the location or operation of the turn-table or cars that was caused by such noises, smells, and disturbances as were not fairly incidental to the usual operation of such a street railway, and borne by the property owners generally along the line. The court below did not err in refusing to instruct the jury peremptorily to find for appellant, but for the reasons indicated the judgment is reversed, and cause remanded for a new trial and further proceedings not inconsistent with this opinion.