## Louisville Gas & Electric Company and National Surety Company (No. 104162) v. City of Louisville.

(Decided March 25, 1921.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, 2nd Division).

1. Municipal Corporations—Action Upon Bond of Gas Company.—A bond made to a municipality for the use and benefit of the gas users of the city may be proceeded upon by any individual consumer in his own name who has suffered a legal wrong without joining with him as party plaintiff the city to which the bond was made.

2. Municipal Corporations—Action Upon Bond of Gas Company.—A municipality can not maintain an action on a bond given to it for the use and benefit of the gas consumers of the city for any wrong suffered by an individual gas consumer, nor in any case, except where the municipality as an entity has suffered such wrong.

ALEX P. HUMPHREY, MATT O'DOHERTY and CUMMINGS, RENNOR, FLYNN & McKENNA for appellants.

JOS. S. LAWTON for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

The city of Louisville in March, 1913, granted to the Louisville Gas & Electric Company a franchise or priv-

ilege, to lay, maintain and operate in the streets, avenues, alleys and public roadways in the city of Louisville a system of mains, pipes and appliances for the distribution and sale of natural gas, manufactured gas and mixed gas. By that franchise the gas company was vested with the right and privilege, permission and authority, subject to the provisions of the ordinance and all powers reserved to said city, to acquire, lay, construct, maintain and operate a system of mains and pipes, in, along, through and under the streets, avenues, alleys, and public ways within the corporate boundaries of the city of Louisville as they now exist or may hereafter be extended and on and under the bridges and viaducts owned and controlled by said city, for distributing and selling natural, manufactured and mixed gas.

The franchise also provides in section 4 that "all pavements and sidewalks shall be taken up and all excavations in said streets, avenues, boulevards, sidewalks, lanes, highways, alleys and public ways shall be made only with the written permission of the board of public works and under the supervision of said board . . ." As this litigation largely gathers around sections 6 and 7 of the franchise, we copy these sections in full:

"Section 6. Said grantee, his successors or assigns, shall within sixty (60) days after the acceptance of this ordinance begin and continue to lay a main line or lines of pipe or cause the same to be done from the most available source of supply of natural gas in the state of West Virginia to the city of Louisville, which said main line or lines shall consist of continuous piping and be a piping capable of withstanding a pressure of three hundred and fifty (350) pounds per square inch and be of a size having a capacity for supplying twelve million (12,000,-000) cubic feet of gas per day to said city and provided with all necessary equipment to supply the capacity aforesaid, and said grantee shall complete said line or lines of pipe within one year from the passage and acceptance of this ordinance, unless prevented from so doing by the delays of *bona fide* litigation or by other cause or causes beyond the control of the grantee. And said grantee shall immediately thereafter commence to supply natural gas to consumer up to the capacity aforesaid, provided that if the work herein authorized be delayed by injunction, *bona fide* litigation or by other cause or causes beyond the control of the grantee such delay or delays

shall not be considered in estimating the time within which such work shall be commenced and completed and natural gas supplied. Said supply of twelve million (12,000.000) cubic feet per day shall not be reduced by reason of any connections with said pipe line being made between the city of Louisville and the source of supply. And said grantee, his successors or assigns, shall in forty (40) days after the acceptance of the bid of grantee execute a bond to the city of Louisville with good and sufficient surety, to be approved by said city in the sum of two hundred and fifty thousand ($250,000) dollars, conditioned upon the carrying out of the provisions of the section of this ordinance as to the beginning, continuance and completion of the laying of said pipe line and beginning to furnish natural gas thereby and upon said conditions being fulfilled said bond shall terminate and sureties be released, and said bond shall be given as additional security to the bond provided for in section 7.

"Section 7. The grantee shall, within forty (40) days after the acceptance of the bid of grantee execute a bond to the city of Louisville, with good and sufficient sureties to be approved by the city, in the sum of fifty thousand ($50,000) dollars, conditioned upon the faithful performance and discharge of all the obligations imposed upon the grantee by this ordinance, including the obligations imposed by section 6 hereof, and conditioned that the grantee shall restore the sidewalks and pavements and all public ways to the original condition and maintain the same as provided in section 4 and shall save the city harmless from all loss and damage which may be done to its public ways or other property, or to persons or property of individuals by the conduct of the grantee's business, or arising out of the uses and privileges herein granted. Said bond shall be renewed from time to time as and when required by the city of Louisville. Said bond shall further be conditioned that the grantee shall defend all suits and pay all judgments against the city of Louisville and hold the city free from all liability arising out of the construction, maintenance, or operation of the grantee's mains, conduits, or other apparatus in the public ways of the city of Louisville."

Under the foregoing sections of the ordinance the gas company executed the two bonds specified; one for $250,-000 under section 6 of the ordinance, and the other for $50,000 under section 7 of the ordinance, and on each of

the said undertakings the National Surety Company became and is the surety.

This suit was commenced in March, 1918, by the city of Louisville against the Louisville Gas & Electric Company and the National Surety Company to recover $50,000 on the obligation executed by the gas company under section 7, above quoted.

The bond sued on is in words and figures as follows:

"KNOW ALL MEN BY THESE PRESENTS, that the undersigned, Louisville Gas and Electric Company, a corporation organized under the laws of the state of Kentucky (hereinafter called the gas and electric company), as principal, and National Surety Company, a corporation organized under the laws of the state of New York, as surety, parties of the first part, and city of Louisville (hereinafter called the city), of the second part.

"WITNESS, that the said parties are held and bound unto the city in the full sum of fifty thousand ($50,000) dollars, payment whereof well and truly to be made the said first parties do hereby bind themselves, their successors and assigns, firmly by these presents, as witness the hands and seals of the first parties hereunto affixed this July 8th, 1913.

"The condition of the above obligation is such that, whereas the city, by an ordinance approved March 29, 1913, created and provided for the sale of a franchise or privilege of acquiring, laying, maintaining and operating in the streets, avenues, alleys and public ways of the city of Louisville, Kentucky, a system of mains, pipes and appliances for the distribution and sale of natural gas, manufactured gas and mixed gas, and the sale of said franchise as herein provided was thereafter duly made, and the Louisville Gas Company became the bidder at said sale, and its bid was accepted by the general council of the city of Louisville, and payment was made by the Louisville Gas Company of the purchase price of said franchise, and since that date, the Louisville Gas Company has, by agreement of consolidation with sundry other companies, formed the gas and electric company, one of the parties of the first part, and by said agreement of consolidation said franchise has passed to said gas and electric company; now if the said gas and electric company shall faithfully perform and discharge all the obligations imposed upon the grantee by said ordinance, including the obligations imposed by section 6 thereof, and shall restore the sidewalks and pavements and all public

ways to their original condition, and shall maintain the same as provided in section 4 thereof, and shall save the city harmless from all loss and damage which may be done to its public ways or other property, or to persons, or to property of individuals, by the conduct of the business of the gas and electric company as defined by said ordinance, or arising out of the uses and privileges therein granted, and shall defend all suits and pay all judgments against the city of Louisville, and hold the city free from all liability arising out of the construction, maintenance or operation of said gas and electric company's mains, conduits or other apparatus in the public ways of the city of Louisville, then this obligation shall be void; otherwise in full force and virtue.''

After a motion by the gas company, et al., to strike out certain parts of the petition had been passed upon and an opinion delivered by the court the defendants filed answer. The city then entered a motion to make the fourth paragraph of the answer more specific and a further motion to strike certain words and phrases from the answer; the city also filed a general demurrer to the 2nd, 3rd, 4th and 5th paragraphs of the answer, all of which after hearing were sustained. The gas company and its surety then filed an amended answer, to which general demurrer was interposed by the city, and again sustained. The gas company and the surety company then filed an amended answer and counterclaim, to which a general demurrer was filed by the city and the court again, after careful consideration of the questions involved, delivered a written opinion sustaining the demurrer. Thereupon the gas company and its surety declined to further plead but asked for a separation of the conclusions of law and fact, which latter motion the court sustained and rendered a judgment against the gas company and the surety company for $50,000 on the bond, and made a separate finding of the facts and the law applicable thereto.

The gas company and its surety then filed motion and grounds for a new trial, in which it set forth the following reasons:

1.   Because the court's findings of fact herein do not sustain the judgment.

2.   Because the evidence heard does not sustain the findings of fact by the court or any of them.

3.   Because the court's finding of fact that there was an agreement upon the part of the Louisville gas com-

pany to furnish 12,000,000 cubic feet of gas per day when required is not sustained by the evidence.

4. Because the court's finding that the defendant gas company agreed that the pressure at no time should fall below three ounces to the square inch is not sustained by the evidence and is contrary to the evidence.

5. Because the court's findings of fact and the judgment of the court are contrary to the law and contrary to the evidence and are not sustained by sufficient evidence.

6. Because the court erred in sustaining plaintiff's motion for judgment.

7. Because the court erred in overruling the motion of the defendants and each of them for judgment in their favor, made at the conclusion of the evidence.

8. Because the court erred in admitting over the objection of the defendants, incompetent evidence as shown by the stenographer's report of the trial.

9. Because the court erred in excluding competent evidence offered by the defendants as shown by the said stenographer's report.

10. Because the judgment of the court is contrary to the law and contrary to the evidence.

This motion was overruled, and the gas company and its surety appeal to this court. It urges several grounds for a reversal of the judgment, among them (1) the finding of the court that the gas consumers were damaged in the sum of $50,000 is not supported by any evidence; (2) the city having elected to sue in equity for specific performance is bound by its election and cannot maintain this action; (3) error in holding that the contractual ordinance sued on in this case must be treated as a statute and not as a contract; (4) error in holding insufficient the plea of defendants based on the action of the war department of the United States Government which rendered the gas company's obligation to furnish 12,000,000 cubic feet of gas every day impossible of performance; (5) the trial court erred in holding that the $50,000 named in the bond is liquidated damages; (6) the city had no right of action to recover damages for loss sustained by individual gas consumers; (7) as the franchise provided for liquidated damages other than that stipulated in the bond no other damages are recoverable.

Of these several grounds urged by appellants for a reversal of the judgment it will only be necessary for us to consider the right of the city as an entity to maintain this

action on the bond to recover damages which it is admitted were sustained, if at all, by individual gas consumers, inhabitants of the city, and not by the municipality, for if the city of Louisville has not stated a cause of action in its petition or is not entitled to maintain this action the judgment must be reversed with directions to dismiss the petition, and as we have reached this conclusion it will, therefore, be wholly unnecessary to consider any of the other grounds urged in brief of counsel for appellants. Very little of appellee's brief is devoted to a discussion of these questions but reliance is had upon the written opinions of circuit judges Gordon and Ray, which are set out at length in the record. These opinions are rested chiefly upon the text of Dillion on Municipal Corporations, section 1231; Scott's Admr. v. City of Mayfield, 153 Ky. 280; L. & N. R. R. Co. v. City of Shelbyville, 179 Ky. 132. In discussing this question Judge Gordon in his written opinion says: ''It is further urged upon the court that the city has lost nothing, has sustained no actual damage and therefore cannot recover. This contention seems to be fully answered in Scott's Admr. v. City of Mayfield, 153 Ky. 280.''

We cannot agree with the learned circuit judge that the question under consideration is settled adversely to the gas company, by the authorities cited. The bond sued on was executed for the use and benefit of the several inhabitants of the city of Louisville who were users of gas under the contract made by the city with the gas company and they were each entitled to maintain an action upon the bond for any violation of the contract which resulted in a legal injury to them. This is the well established rule in Kentucky. The courts of only one other state, North Carolina, adhered to this doctrine: Garred v. Water Supply Co., 124 N. C. 328; 47 L. R. A. 513; Jones v. Durham Water Co., 135 N. C. 553. But notwithstanding this, we consider it the soundest upon reason and calculated to afford more adequate relief than the rule adopted by the courts of the majority of the states.

As far back as December, 1889, this court in the case of Paducah Lumber Company v. Paducah Water Supply Company, *supra,* held that a bond of the general nature of the one sued on in this case was for the use and benefit of the inhabitants of the city and that an individual for whose benefit the bond was evidently made could sue thereon in his own name though the engagement be not

directly to or with him, and that section 18 of the Civil Code, which by express terms provides that every action must be prosecuted in the name of the real party in interest, has application to such cases as this. If the city had suffered a wrong as an entity by the failure of the gas company to keep and perform the conditions of the contract it could, of course, maintain an action on the bond, but it is not the contention in this case that the city has suffered a wrong in its municipal capacity but only that its inhabitants, individual members of the society who make up the city, have suffered an injury through the failure of the gas company to comply with the terms of the ordinance. The city therefore had and has no cause of action and could not and cannot maintain this suit, but each individual gas user who suffered a legal wrong through the failure of the gas company to keep and perform the terms of the contract has and may maintain an action on the bond for the injury suffered. Repeatedly this court has held that an inhabitant of a city may maintain in his own name an action on the contract or bond of a water company to recover for a loss resulting from a failure or refusal of the water company to keep and perform the conditions of the contract or bond without joining the city in whose name the contract is made, as party defendant. Paducah Lumber Co. v. Paducah Water Supply Co., *supra;* Graves v. Logan, 112 Ky. 775; Lexington, etc. v. Oots, 119 Ky. 598, Kenton Water Co. v. Glenn, 141 Ky. 529; Tobin v. Frankfort Water Co., 158 Ky. 349; Owensboro Water Co. v. Duncan, Admr., 17 K. L. R. 755; Georgetown Water Co. v. Neal, 137 Ky. 197. To the same effect are the following cases: Garred v. Water Supply Co., 124 N. C. 328; 47 L. R. A. 513; Jones v. Durham Water Co., 135 N. C. 553; Woodbury v. Tampa Waterworks Co., 21 L. R. A. (N. S.) 1034.

The bond under consideration is a continuing obligation and the city may require it to be renewed from time to time in order to fully protect itself and its inhabitants. Under the rule adopted by this court many years ago, the city is not a necessary party to an action by an individual to recover on the bond for loss suffered through a violation of its terms. But this does not mean that the city may not in a proper case maintain an action upon the bond also. The lower court in its finding of fact does not point out a single instance in which the city has suffered a loss or wrong as an entity but only that the city has suffered through loss to its individual inhabitants

in varying importance. Under our rule allowing the real party in interest only to maintain an action it would appear wholly unnecessary for the city to be made a party, either plaintiff or defendant, for the real party in interest is the individual gas user who has suffered through the failure of the gas company to comply with the terms of the ordinance. Such person is the real party in interest and in possession of all the facts; the bond was made for his use and benefit. We can think of no reason why he should not be permitted to maintain the action in his own name, nor can we conceive of any reason why the city of Louisville as an entity should be permitted to maintain this action when it is not the real party in interest and has suffered no appreciable damage as a municipality.

Having reached this conclusion it is unnecessary for us to discuss the other questions made in brief of counsel.

The judgment is reversed with directions to dismiss the petition.   Whole court except Judge Quin sitting.