## Mealy v. Ewen.

(Decided June 15, 1928.)

### Appeal from Bell Circuit Court.

1. Appeal and Error.—Judgment, in action by passenger for injuries sustained in automobile accident, determining defendant was not entitled to peremptory instruction on ground that plaintiff was contributorily negligent as matter of law, became law of case, and precluded reversal on second trial, in which evidence was not materially different than on first trial, for failure to give peremptory instruction on same ground.

2. Damages.—Where evidence showed that plaintiff, 28 years old, and earning $5,000 a year conducting beauty parlor, suffered broken spinal column in automobile accident, resulting in complete paralysis below the waist, loss of control of organs of elimination, and entire destruction of earning power, and causing great suffering during confinement in hospital, verdict of $25,000 damages was not excessive.

LOW & BRYANT for appellant.

N. R. PATTERSON and JAMES S. GOLDEN for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This is the second appeal of this case. The opinion on the former appeal is reported in 221 Ky. 114, 298 S.

W. 182, where a statement of the facts involved may be found. On the return of the case to the lower court, the appellee elected to proceed against the present appellant alone, and again recovered a verdict for $25,000. From the judgment entered on that verdict, this appeal is prosecuted.

But two grounds are urged by the appellant for reversal. The first is that she was entitled to a peremptory instruction because the appellee was, as a matter of law, guilty of contributory negligence; and, secondly, that the verdict is grossly excessive.

As to the first ground, she is precluded by the opinion in the former appeal. The evidence on the point involved was not materially different on the second trial from that on the first trial. Indeed, if anything, it was stronger for the appellee. We held on the former appeal that the appellant was not entitled to a peremptory instruction on the ground now and then urged, and, under familiar law, that opinion is the law of the case.

As to the second ground, the evidence shows that the appellee's spinal column was broken and crushed in the accident out of which this suit arose, and that, as a result, the spinal cord was so injured that she is paralyzed almost entirely from her waist down. She has no feeling whatever in her legs from the knees down. Pins and other sharp instruments can be stuck into them without any reflex. She has no movement of the left leg from the thigh down, and but little movement of the right about the thigh. One of the legs and feet is atrophied. She has no control over her organs of elimination. Appellee was about 28 years old at the time of the accident, and earning about $5,000 a year conducting a beauty parlor at Middlesboro. Her earning power has been entirely destroyed, and the evidence satisfactorily shows that her injuries are permanent. The evidence further shows great suffering on her part during the many months she was confined to the hospital and indeed down to the trial of this action. She cannot walk without assistance, and her digestive tract requires the constant use of cathartics. Under the facts, we cannot say that the verdict is excessive within the rule invoked for a reversal on such grounds. See L. & N. R. Co. v. Melton, 105 S. W. 366, 32 Ky. Law Rep. 51, where a verdict for $22,000 for injuries substantially similar to those here present was uphled. Also L. & N. R. Co. v. Mitchell, 173 Ky. 622, 191 S. W.

465, where a verdict for $20,000 for injuries no more serious than those found here was sustained.

No error appearing prejudicial to the substantial rights of the appellant, the judgment is affirmed.